OPINION OF THE COURT
Brian F. De Joseph, J.
This motion raises a question of first impression concerning the recently promulgated Rules Governing Alternative Dispute Resolution by Arbitration (22 NYCRR Part 28). Must the parties submit to the arbitration of a civil action transferred to City Court by an order of Supreme Court made pursuant to CPLR 325 (subd [d])?
These actions were originally commenced in Supreme Court, Onondaga County, seeking to recover damages for personal injuries allegedly sustained by plaintiffs. On January 26, 1981, an order was signed transferring these actions to Syracuse City Court pursuant to CPLR 325 (subd [d]). CPLR 325 provides the various grounds for the removal of a cause of action; with subdivision (d) applying specifically to instances where a court chooses to exercise its discretion and, without consent of the parties, removes an action to a lower court.
*349 On April 28, 1981, an order was granted in Syracuse City Court consolidating the actions involved herein and various attempts were made by plaintiffs to have this matter placed on the Trial Calendar. It was then that a dispute arose between the parties as to the manner in which a disposition should be reached — trial or arbitration?
The plaintiffs now move for an order placing this matter on the Trial Calendar and directing defendants to incur the costs of this motion. Defendants oppose, contending that 22 NYCRR 28.2 controls the instant situation and mandates a submission of these claims to a panel of arbitrators.
We agree with defendants as to the applicability of 22 NYCRR 28.2 and note that subdivision (b) specifically includes within the mandatory arbitration scheme actions for money only in which the recovery sought is $6,000 or less. However, a careful reading of subdivision (b) in its entirety indicates that an action transferred pursuant to CPLR 325 (subd [d]) regardless of the amount in controversy, shall be arbitrated only upon stipulation filed with the clerk of the court to which it has been transferred. We find, therefore, that the filing of the stipulation is a condition precedent to the arbitration of an action removed to a court of limited jurisdiction from the Supreme Court pursuant to CPLR 325 (subd [d]), regardless of the amount in controversy. Absent such a filing, the case must be disposed of at trial.
22 NYCRR 28.3 (c) supports this interpretation, “(c) In any action subject to arbitration under these rules, or by stipulation, any counterclaim * * * that has been interposed * * * shall likewise be subject to arbitration under these rules.” (Emphasis supplied.) This clause points out that there are two means by which an action may be brought within the arbitration rules: (1) pursuant to the mandatory criteria found in the former part of subdivision (b), and (2) pursuant to a stipulation to arbitrate when an action has been transferred pursuant to CPLR 325 (subd [d]). Plaintiffs’ motion to have this matter placed on the Trial Calendar, given the absence of a filed stipulation by the parties, is accordingly granted, with a date to be chosen at the earliest mutual convenience. Given the fact that this
*350 motion raised a question of first impression and due to the diligent efforts of both counsel, the request for costs is denied.