OPINION OF THE COURT
Harold Fertig, J.
The court on its own motion declares a mistrial after selection of the jury and directs the clerk of the court to set the matter down for arbitration and to place same on the arbitration calendar.
This case came before the court and the selection of the jury was commenced on December 5, 1983, and the following day the selection was completed and the jury sworn. No opening statements were made nor has a witness been sworn. Originally the court had before it a “dummy file,” which contained none of the original papers filed. The original file was still at the District Court, Third District, in Great Neck. Upon receipt of the original file the following day, the court was made aware for the first time that no jury fee had been paid and that the case had never proceeded to arbitration.
This action was commenced by the service of a summons and complaint in January, 1979. That complaint was for a cause of action for goods sold and delivered in the sum of *1078 $2,037.62. Defendant answered the complaint with certain denials of the allegations of the complaint and set forth three separate counterclaims, one in the sum of $3,674,362; another in the sum of $1,117,091; and a third in the sum of $4,791,473.
A notice of trial was filed on October 11,1982 demanding a trial by jury and on December 6, 1982 the matter appeared on the conference calendar of the Great Neck court, presumably prior to being set down for arbitration. At that time both parties requested that the court waive arbitration on the grounds that the questions involved were complex and that, as a practical matter, could not be disposed of properly by arbitration. On that date the court in the Third District made the following determination: “Upon the foregoing papers this plaintiff’s motion is transferred to District Court, Civil Part 1 for trial because of the age of the case and the questions of Law involved.”
The court is satisfied that it has no jurisdiction to proceed with the trial. Both parties argue that the original order of the court in the Third District is the law of the case and the matter must proceed to trial. They argue that although the afore-mentioned order provides that the motion is transferred for trial that the court must have intended that the action was transferred for trial. This court is not satisfied that this is the only conclusion that can be determined from the prior order. The court could also have meant that the motion is transferred for hearing. In any event, the language of the decision is ambiguous and the court had no authority to waive the arbitration procedures set forth in part 28 of the Rules of the Chief Judge (22 NYCRR). The afore-mentioned rules govern the alternative dispute resolution by arbitration of all civil actions for a sum of money only where the recovery sought is $6,000 or less. Those rules were adopted pursuant to CPLR 3405.
In the Practice Commentary to CPLR 3405 in McKinney’s Consolidated Laws of New York (Book 7B, 1983-1984 Pocket Part, p 54) Professor Siegel refers to the use of these arbitration procedures as a kind of mandatory arbitration, as opposed to the wholly consensual kind involved in CPLR article 75, as a way to relieve calendar congestion. And he *1079 states that the language did not include the word “compulsory” arbitration because that might have made it unconstitutional, but it.is nevertheless mandatory with an opportunity to the party losing in arbitration to demand a trial de novo. 22 NYCRR 28.2 is entitled “Mandatory submission of actions to arbitration” and provides that all civil actions for a sum of money only, except those commenced in small claims where the recovery sought for each cause of action is $6>000 or less shall be heard and decided by a panel of arbitrators, and subdivision (c) of the aforesaid section further provides, “In any action subject to arbitration under these rules * * * any counterclaim * * * that has been interposed, whether or not seeking recovery of more than $6,000, shall likewise be subject to arbitration under these rules.” Remaining sections of part 28 {supra) provide for the manner in which the arbitration is to proceed and the conduct of the hearings. Section 28.6 (d) of the Rules of Arbitration specifically provides that any action which is continued twice after assignment to two panels of arbitrators shall be referred by the commissioner to the court where the action was commenced and the court is to have a hearing on the cause of the inability to hold an arbitration hearing, and upon such hearing may order a dismissal or an inquest before another panel. Nowhere within the afore-mentioned rules governing alternative dispute resolution by arbitration is there any provision for discretion on the part of the court to waive arbitration, nor is there any authority given to the court for making a determination that arbitration need not proceed.
The arbitration procedure, which provides for obtaining a trial de novo, protects the constitutional guarantee of a jury trial (Bayer v Ras, 71 Misc 2d 464). That court further found that the arbitration program made arbitration compulsory. And in De Carlo v Pyramid Investors Co. (112 Misc 2d 348) the court, in discussing 22 NYCRR 28.2 and 28.3, refers to “mandatory arbitration” and “the mandatory criteria” found in those sections. In Matter of Nuro Transp. v Judges of Civ. Ct. (95 AD2d 779), the court consistently refers to the arbitration procedures of 22 NYCRR part 28 as “compulsory arbitration” and points out that although the State of Pennsylvania was the first State to employ a *1080 “compulsory arbitration system”, New York’s system is based upon the same scheme.
In the recent case of Chase v Scalici (97 AD2d 25) the Appellate Division, Second Department, discussed the provisions of 22 NYCRR part 28 and specifically whether the demand period for a trial de novo may be extended beyond the 30-day period set forth in those rules. It was held that it may not and that the court had no discretion to change the rules since the 30-day period was jurisdictional.
It is interesting to note that the defendant in this case, which has brought three counterclaims for substantial sums of money, might have commenced those actions independently in the Supreme Court and then moved for consolidation. Such a course of action might have removed the action from the requirements of the arbitration procedures, but this is not the course followed by the parties.
This court finds that the entire procedure of the mandatory arbitration set forth in 22 NYCRR part 28 pursuant to CPLR 3405 provides for a mandatory form of arbitration and that a trial by a court or jury may only be had de novo after arbitration proceedings. There is no basis on which the court can make a determination that an arbitrator or panel of arbitrators could not reach a determination in this case, nor can the court permit the parties to circumvent the requirements of a rule intended to relieve court congestion. In any event, since this court cannot have jurisdiction to try the case prior to compliance with the arbitration procedures, the court must declare a mistrial, dismiss the jury and order that the matter be placed on the arbitration calendar for arbitration prior to any trial de novo.