BARAZZOTTO, APPELLANT, *v.*
INTELLIGENT SYSTEMS, INC. ET AL.,
APPELLEES.

**118**

(No. 86 CA 67—Decided
May 28, 1987.)

*John B. Huber,* for appellant.
*John Tiege,* for appellees.

FAIN, J. This is an appeal from a summary judgment entered by the trial court in favor of the defendants.

Plaintiff-appellant, Richard E. Barazzotto, bought a Cromenco-10 computer system ("C-10 computer") from defendants-appellees, Intelligent Systems, Inc. ("I-Systems") and Ed Stull. The computer system was delivered in installments in February, June and September 1983. In August 1983, Barazzotto bought an Accounting-Plus software package from I-Systems and Stull.

Barazzotto claims that Stull knew Barazzotto was purchasing the Cromenco-10 to replace a different computer which he had previously purchased from Stull and which he was then leasing to his employer, Logicon. Barazzotto claims that Stull represented to him that the C-10 computer and the Accounting-Plus software package were compatible.

Barazzotto claims that the hardware and software he purchased from I-Systems and Stull were not compatible, and never worked properly together. (An expert witness, Richard Litfin, so testified at the arbitration hearing.) Barazzotto brought suit against I-Systems and Stull in March 1985. The case was referred for non-binding arbitration, and a hearing was held before an arbitrator in January 1986.

Barazzotto filed written exceptions to the decision of the arbitrator and the case was assigned for jury trial, *de novo.*

I-Systems and Stull had filed a motion for summary judgment, which was not accompanied by any affidavits, but which was supported by the transcript of the earlier arbitration proceeding. The testimony at the arbitration hearing was given under oath, so that it would not only be equal in quality to evidence in support of a motion for summary judgment in the form of affidavits, but would actually be superior in view of the adverse party's opportunity to cross-examine the witnesses testifying.

Barazzotto opposed the motion for summary judgment with affidavits.

On June 17, 1986, the trial court granted summary judgment in favor of I-Systems and Stull.

Barazzotto's sole assignment of error is as follows:

"The trial court[,] in error prejudicial to the plaintiff-appellant, granted summary judgment in favor of the defendant[s]-appellee[s] despite the application of multiple genuine issues as to multiple material facts[;] the trial court fail[ed] to construe the evidence most strongly in favor of the defending party[;] and the trial court appl[ied] inapplicable legal principles in reaching such decision."

A motion for summary judgment must be overruled unless the evidentiary material properly before the court shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. It must be made to appear from the evidentiary material that reasonable minds can

come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence construed most strongly in his favor. Civ. R. 56(C).

Although Barazzotto has presented only one assignment of error, he raises several issues.

The first issue raised by Barazzotto is his contention that the trial court's decision is contrary to law because it applied the disclaimer appearing on the purchased software packaging so as to exclude the seller's implied warranty of fitness for a particular use. That disclaimer, upon which the trial court did rely, is as follows:

"DISCLAIMER OF ALL OTHER INDEMNIFICATION AND WARRANTIES: SDI makes no other promises or warranties, either expressed or implied, with respect to the program, its quality, performance, merchantability, or fitness for any particular purpose. The program is licensed 'as is,' and the customer recognizes that the program is complex and understands SDI's sole liability is set forth in the preceding paragraph of this license. The entire risk as to the quality and performance of the program is with the customer. Should the program prove defective, the customer (and not SDI, its distributors or retailers) assumes the entire cost of all necessary servicing, repair, or correction. In no event will SDI be liable for direct, indirect, incidental, or consequential damages resulting from any defect in the program even if SDI has been advised of the possibility of such damages. The sole obligation of SDI will be to make available for a license fee modifications or updates for the program published by SDI within one year from date of this license, provided customer has timely returned the registration card. (Some states do not allow the exclusion or limitation of implied warranties or liabilities for incidental or consequential damages, so the above limitations or exclusions may not apply to every customer.)"

I-Systems and Stull contend that they are entitled to rely upon the "as is" disclaimer, thereby allowing them to disclaim all implied warranties, including the warranty for fitness for a particular use. The problem with this argument is that the disclaimer is expressly stated on behalf of the manufacturer, SDI. The only application of the above-quoted language to distributors or retailers of the program is the language obligating the customer "and not SDI, its distributors or retailers" to assume the entire cost of all necessary servicing, repair or correction of *defects* in the program. The product may be entirely free from defect, but be entirely unfit for the particular use that the purchaser intends to make of it.

The subject of disclaimers of implied warranties is addressed in R.C. 1302.29 (Section 2-316 of the Uniform Commercial Code).

A manufacturer's disclaimer of warranties and a reseller's disclaimer of warranties are conceptually separate.

"When the manufacturer sells the goods to a dealer who resells the goods to the ultimate purchaser, the latter cannot sue the manufacturer if the manufacturer ha[s] made a disclaimer of warranties that satisfies UCC § 2-316. The fact that the manufacturer is thus protected from liability does not protect the dealer who resells without making this own disclaimer of warranties. That is, the manufacturer's disclaimer of warranties does not run with the goods so as to protect any subsequent seller of them. To the contrary, each subsequent seller must make his own independent disclaimer

in order to be protected from warranty liability." (Footnotes omitted.) 3 Anderson, Uniform Commercial Code (1983) 365-366, Section 2-316:62.

I-Systems and Stull, as "resellers" of the software, contend that the disclaimer should be construed as extending to them, as well as to the manufacturer. Such a construction runs afoul of the principle of construction that "[d]isclaimers of implied warranties are not favored and 'are [to be] strictly construed against the sellers for reasons of public policy.'" (Footnote omitted.) 3 Anderson, *supra,* Section 2-316:14, at 337.

"The concept of the strict construction of exculpatory provisions is not limited to situations in which there is a contract of adhesion and a disparity of bargaining power." (Footnote omitted.) *Id.* at 338.

In the circumstances of this case, viewing the evidence in a light most favorable to Barazzotto, we hold that the disclaimer of warranties appearing on the software package should be construed as constituting a disclaimer by the manufacturer, and not by the resellers, I-Systems and Stull. This holding appears to be consistent with the nature of the transaction. A manufacturer of computer software cannot ordinarily be expected to know whether its software will be fit for the particular use intended, but a retailer, having knowledge of the hardware with which the software will be used, can ordinarily be expected to know whether the software will be fit for the particular use intended, at least to the extent of its compatability with the hardware.

Since it is clear that the trial court construed the disclaimer as applying for the benefit of I-Systems and Stull, Barazzotto's assignment of error is sustained, and the entry of summary judgment must be reversed.

In his brief, Barazzotto has raised a number of other issues, even though he has but one assignment of error. Most of those issues are closely related to the issue of the proper construction to be given to the disclaimer of warranties, and need not be addressed here in view of our disposition of the assignment of error. Two issues, however, are independent of the disclaimer issue, and can therefore profitably be addressed herein.

Barazzotto argues that the trial court's decision violated due process of law because its determination that no reasonable minds could find in favor of Barazzotto was inconsistent with the determination of the trial court's own arbitrator who made an award to Barazzotto, albeit in an amount deemed by Barazzotto to be insufficient. While that circumstance highlights the difficulty inherent in any determination whether reasonable minds can come to but one conclusion, we do not think that any constitutional due process rights are implicated.

Compulsory arbitration can only be reconciled with the constitutional right to a jury trial if the party with the right to a jury trial has the right, following the arbitration result, to demand a jury trial *de novo.* In this context, *"de novo"* must mean that upon the application of either party the arbitration result will have no legal effect. If the arbitration result were to limit the ability of any court, at any later stage in the judicial process, to make a determination that reasonable minds can come to but one conclusion, then the subsequent trial would not be completely *de novo.*

One other argument that may be profitably addressed is Barazzotto's argument that the trial court improperly determined that the Consumer Sales Practices Act, R.C. Chapter 1345, had no application to this case.

The software purchased by Baraz-

zotto, by its very nature, is only suitable for business applications. Accordingly, we conclude that the trial court was correct in determining, as a matter of law, that the system purchased, including both its hardware and software components, was not for purposes that were primarily personal, family, or household, and was, therefore, outside the scope of the Consumer Sales Practices Act. R.C. 1345.01.

Barazzotto's sole assignment of error having been sustained, the judgment of the trial court is reversed, and the cause is remanded for further proceedings consistent with this opinion.

*Judgment reversed and cause remanded.*

WILSON and BROGAN, JJ., concur.