DELPHINE WILLIAMS *et al.*, Plaintiffs-Appellees, v. RANNIE DORSEY, Defendant and Counterplaintiff-Appellee (Andrea Allen *et al.*, Defendants and Counterdefendants-Appellants; Andrea Stamps, Defendant-Appellant).

First District (2nd Division)    No. 1—94—0840

Opinion filed June 30, 1995.

894

Parrillo, Weiss & O'Halloran, of Chicago (Keely Truax, of counsel), for appellants.

Michael D. Golden, of Chicago, for appellee Delphine Williams.

Garretson & Santora, of Chicago (Michael C. O'Neill, of counsel), for appellees Greta Jones, Adrian Jones, and Valerie Dorsey.

Garretson & Santora (Michael C. O'Neill, of counsel), and Jacobson & Sorkin, Ltd., both of Chicago, for appellee Rannie Dorsey.

PRESIDING JUSTICE SCARIANO delivered the opinion of the court:

On September 29, 1992, counterplaintiff Rannie Dorsey (Dorsey) filed a complaint in the circuit court of Cook County seeking $15,000 in damages from defendants Andrea Allen (Allen) and Larry Stamps (Stamps) for injuries she allegedly sustained in a car accident on October 1, 1990. Dorsey claimed that Allen's negligent driving caused the collision of their cars at the intersection of Lamon Avenue and Walton Street in the City of Chicago. Stamps owned the car Allen was driving. (Hereinafter, Stamps and Allen are collectively referred to as defendants.)

Two other complaints were filed for injuries allegedly incurred as a result of the accident. On February 24, 1992, Greta Jones, Adrian Jones, and Valerie Dorsey filed a complaint against Andrea Stamps (a/k/a Andrea Allen) for injuries allegedly sustained in the same accident. They sought $10,056.95 in damages. On March 20, 1992, Delphine Williams, Dorsey's passenger on October 1, 1990, filed a two-count complaint seeking $15,000 in damages for her injuries resulting from the collision. She named Dorsey, Allen, and Stamps as defendants. Dorsey subsequently filed a "counterclaim" for contribution against Allen and Stamps. Dorsey was later granted leave to amend her complaint for contribution to read as a cross-claim.

Several unsuccessful attempts at service of process on defendants were made. However, on July 1, 1992, defendants filed their answer, counterclaim, and jury demand in Dorsey's cross-claim action. The circuit court issued an order consolidating the cases arising out of the car accident. On August 27, 1992, and September 10, 1992, defendants answered the complaints in the consolidated actions, each time demanding a jury trial. (See 735 ILCS 5/2—1105 (West 1992).) The trial court transferred the cases to mandatory arbitration pursuant to supreme court rules. See 134 Ill. 2d R. 86 *et seq.*

On August 26, 1993, the panel of arbitrators unanimously found in favor of counterplaintiff Dorsey and plaintiffs Williams and Greta Jones and against defendant Allen. They awarded Dorsey $5,500 for her personal injury claim and $2,556.95 for her property damage claim; they awarded $7,000 to Williams, and $2,890 to Greta Jones.[1] They noted on the award that defendants were not present at the proceeding, even though a Rule 237 notice had been filed on June 29, 1993, on behalf of Greta Jones and Dorsey. They also noted that Greta Jones did not appear despite the filing of a Rule 237 notice to appear by defendants' attorney.

---

[1]No damages were awarded to Adrian Jones or Valerie Dorsey.

Defendants filed their notice of rejection on September 3, 1993. On September 15, Williams filed a motion for sanctions, asking the circuit court to bar defendants' rejection of the award.[2] She noted, as did the arbitrators, that defendants did not appear at the arbitration proceeding, despite the filing of a Rule 237 notice to appear. She additionally noted that defendants did not seek a waiver of their appearance. Defendants responded to the motion, arguing that under Rule 91, debarring them from rejecting the award was unwarranted because their counsel appeared and participated in the arbitration hearing. Allen further asserted: that she had appeared for her deposition, that Williams had not been prejudiced by her failure to appear; that Stamps, her husband, was merely the owner of the car and was not a witness to the accident; that defendants had not received notice of the date of the arbitration hearing because their attorney sent notice to the incorrect address; and that she had a meritorious defense. Gregory Morse, defendants' counsel, attached his affidavit to the response, averring that he was present and participated in the arbitration. Allen also attached her affidavit, reiterating that she did not receive notice of the date of the hearing and stating that she would be willing to attend another hearing.

On November 22, 1993, the trial court granted Williams' motion to debar rejection of the award and entered judgment on the arbitration award.[3] Defendants filed a motion to reconsider, essentially reiterating the arguments made in their response and attaching the same affidavits from Allen and Morse. Williams and Dorsey opposed the motion. On February 4, 1994, the court denied the motion to reconsider. Defendants now appeal.

Before reaching the merits of this appeal, we observe that the record consists only of the common law record; there is no certified transcript of proceedings or agreed statement of facts. While we may consider the issues raised by defendants by reference to the common law record (see *Fiala v. Schulenberg* (1993), 256 Ill. App. 3d 922, 924, 628 N.E.2d 660, 662), any doubts raised by insufficiencies in the record must be resolved against defendants, who had the obligation to present this court with a sufficiently complete record of the trial

---

[2]Williams' motion was mistitled "Motion to Continue Arbitration"; however, on September 29, 1993, she filed the same motion, properly titled, "Motion to Bar Rejection of Arbitration Award."

[3]The November 22 order specifically enters judgment on the awards to Williams and Dorsey, omitting the award to Jones. However, the final order in the case denying defendants' motion to reconsider states simply that "judgment should be entered on the award," apparently encompassing the arbitration award *in toto*.

court proceedings to support their claims of error (*Foutch v. O'Bryant* (1984), 99 Ill. 2d 389, 391-92, 459 N.E.2d 958, 959).

■ Defendants first contend that they were not properly served with a Rule 237(b) notice to appear at the arbitration proceeding. They did not make this argument at trial; they have therefore waived its consideration on appeal. *Schechter v. Blank* (1993), 254 Ill. App. 3d 560, 563, 627 N.E.2d 106, 109, *appeal denied* (1993), 153 Ill. 2d 569, 624 N.E.2d 817.

Even absent waiver, defendants would not prevail on this claim. On June 29, 1993, Rannie Dorsey filed a document titled "RULE 237 SUPPLEMENTAL NOTICE TO PRODUCE AT TRIAL AND MANDATORY ARBITRATION HEARING," which stated:

> "Pursuant to Supreme Court Rules 213(e), 237 and Section 60 of the Civil Practice Act, you are notified to produce at the commence [*sic*] of *trial* of this case:
>
> 1. The Plaintiff and Co-Defendants, Delphine Williams, Andrea Allen A/K/A Andrea Allen-Stamps and Larry Stamps." (Emphasis added.)

The attorney certification accompanying the notice refers to trial and mandatory arbitration. Defendants rely on *Pros Corporate Management Services, Inc. v. Ashley S. Rose, Ltd.* (1992), 228 Ill. App. 3d 573, 592 N.E.2d 609, to support their contention that the above document failed to provide them with notice to appear at the arbitration hearing. In *Pros*, the defendant filed a Rule 237 notice to appear, entitled "NOTICE TO PRODUCE AT TRIAL." The body of the notice stated that the plaintiff was required to appear at the trial or arbitration hearing. We found that the notice did not require the plaintiff to appear at trial because it instructed the plaintiff to appear at the arbitration center on the date of the arbitration hearing and, at the time the notice was filed, no trial had been scheduled. Consequently, it would have been illogical to conclude that the notice referred to the trial. *Pros*, 228 Ill. App. 3d at 581, 592 N.E.2d at 614.

Defendants argue that under *Pros*, a reasonable interpretation of the motion to produce in the instant case is that it applied to trial, since arbitration was mentioned only in the heading of the document. Defendants overlook the basis of our analysis in *Pros*. We did not limit our inquiry to the four corners of the motion; rather, we examined the circumstances of the case. By utilizing similar reasoning in the instant case, we conclude that *Pros* supports plaintiffs' position that adequate Rule 237 notice was given. As in *Pros*, this case had been transferred to mandatory arbitration and no trial was scheduled. Therefore, the motion could not have been intended to compel defendants' appearance at trial. Consequently, we conclude that adequate notice was given under Rule 237(b).

■ In a related argument, defendants contend that they never received notice of the date of the arbitration hearing from their attorney. They lived at 1100 N. La Salle, but their attorney sent notice to 11 N. Division. We find this argument to be utterly without merit, for it is well settled that "notice to an attorney is notice to the client and knowledge of an attorney is knowledge of, or imputed to, the client, notwithstanding whether the attorney has actually communicated such knowledge to the client." (*Eckel v. Bynum* (1992), 240 Ill. App. 3d 867, 875, 608 N.E.2d 167, 174; see also *Burton v. Estrada* (1986), 149 Ill. App. 3d 965, 972, 501 N.E.2d 254, 260; *Hahn v. Wiggins* (1959), 23 Ill. App. 2d 391, 397, 163 N.E.2d 562, 565.) Defendants' attorney obviously had knowledge of the date of arbitration and that knowledge is imputed to defendants, regardless of whether he sent notice to the wrong address. (See *Hahn*, 23 Ill. App. 2d at 397, 163 N.E.2d at 165.) Moreover, the fact that a litigant has not been informed of the date of a hearing does not constitute an excuse for the litigant's failure to appear at the hearing. (See *Tiller v. Semonis* (1994), 263 Ill. App. 3d 653, 657, 635 N.E.2d 572, 574; see also C. Nichols, Illinois Civil Practice § 4149, at 238 (1980 & Supp. 1992).) Furthermore, as plaintiffs point out, Allen appeared for her deposition on August 9, 1993, just 17 days before the scheduled arbitration hearing. Thus, at least until that time, her attorney was in contact with her.[4]

■ Defendants next focus on the issue of waiver, arguing that they did not waive the right to reject the award under Rule 93. They rely on case law holding that barring a party from rejecting the award as a sanction for failing to comply with Rule 237 notice to produce is inappropriate. See *Campbell v. Washington* (1991), 223 Ill. App. 3d 283, 285, 585 N.E.2d 187, 188; see also *Weisenburn v. Smith* (1991), 214 Ill. App. 3d 160, 573 N.E.2d 240.

However, in 1993, after the *Campbell* and *Weisenburn* cases, the supreme court rules regarding mandatory arbitration were amended. In this case of first impression, we examine the interplay of Supreme Court Rules 90, 91, 93, and 237 since the 1993 amendments.

At the time the instant case was initiated, mandatory arbitration applied to those civil cases in which each claim did not exceed $15,000. (134 Ill. 2d R. 86 (now Official Reports Advance Sheet No. 1 (January 5, 1994), R. 86, eff. January 1, 1994).) The Code of Civil Pro-

---

[4]In her answers to interrogatories filed on November 20, 1992, Allen provided two addresses, 11 N. Division and 11 W. Division, most likely as the result of a typographical error. This may explain why her attorney sent notice to 11 N. Division, which is an east-west street.

cedure and supreme court rules apply to arbitration proceedings "except insofar as these rules otherwise provide." (134 Ill. 2d R. 86(e) (now Official Reports Advance Sheet No. 1 (January 5, 1994), R. 86(e), eff. January 1, 1994).) Former Rule 90 stated that "[t]he provisions of Rule 237 *** shall be equally applicable to arbitration hearings as they are to trials." (134 Ill. 2d R. 90(g).) In 1993, that section was expanded to also provide that

"[t]he presence of a party may be waived by stipulation or excused by court order for good cause shown not less than seven days prior to the hearing. Remedies upon a party's failure to comply with notice pursuant to Rule 237(b) may include an order debarring that party from rejecting the award." (145 Ill. 2d R. 90(g).)

In pertinent part, Rule 237(b) provides that "[t]he appearance at the trial of a party *** may be required by serving the party with a notice designating the person who is required to appear." (134 Ill. 2d R. 237(b).) If a party fails to comply with such notice, the court is authorized to "enter any order that is just, including any order provided for in Rule 219(c) that may be appropriate." (134 Ill. 2d R. 237(b).) After noting the potentially severe sanctions for failure to comply with Rule 237(b) notice at trial, the committee comments to Rule 90 emphasize the significance of Rule 237 in arbitration: "The 1993 amendment to Rule 90(g) is to make clear that a Rule 237(b) notice to appear at an arbitration hearing carries equivalent importance, such that a court may, in an appropriate case, debar a party who fails to comply from rejecting the award." 145 Ill. 2d R. 90(g), Committee Comments; see also *Allstate Insurance Co. v. Pena* (1992), 227 Ill. App. 3d 348, 349-50, 591 N.E.2d 526, 527-28 (Inglis, P.J., dissenting) (noting that "[t]he rejection of an award pursuant to Supreme Court Rule 93 is an entirely separate question from a violation of Supreme Court Rule 237" and that a sanction debarring rejection was appropriate when only the defendant's attorney, but not the defendant, appeared for arbitration).

Rule 93 governs the procedure for rejecting an arbitration award. Under that rule, a party who was present at the hearing, either in person or by counsel, may, within 30 days after the filing of an award, and upon paying the requisite $200 fee, file written notice of rejection of the award. (145 Ill. 2d R. 93(a).) A party who has appeared in person or through counsel may reject the award for any reason. (145 Ill. 2d R. 93(a), Committee Comments.) However, the filing of a notice of rejection is ineffective if the party is debarred from rejecting the award. (145 Ill. 2d R. 93(a).) Noting the holding in *Campbell* that a trial court could not sanction a party for a Rule 237 violation by barring rejection of the arbitration award, the committee comments

state that the 1993 amendment to Rule 93 "makes this rule consistent with other rules (for example, Rules 90(g) and 91(b)) that allow a court to enter an order debarring a party from rejecting the award. The filing of a rejection by a party who is or has been debarred from rejecting is ineffective even if the party was present at the arbitration hearing in person or by counsel." 145 Ill. 2d R. 93(a), Committee Comments.

Based upon these recent changes in the rules governing mandatory arbitration, which were in effect at the time of the instant case, defendants are correct in claiming that they did not waive the right to reject the award by not appearing personally at the hearing, because their attorney was present. However, that fact does not preclude the trial court's entry of an order debarring them from rejecting the award as a sanction for failure to comply with Rule 237(b). (145 Ill. 2d R. 93(a), Committee Comments.) A consistent theme throughout the rules governing mandatory arbitration is the need for parties and their counsel to take these proceedings seriously; specifically, the concern is that no party make "a mockery of this deliberate effort on behalf of the public, the bar and judiciary to attempt to achieve an expeditious and less costly resolution to private controversies" and to avoid allowing the arbitration process to be reduced to merely "another hurdle to be crossed in getting the case to trial." 145 Ill. 2d Rules 91(a), (b), Committee Comments; see also 145 Ill. 2d Rules 90(g), 93.

Rule 91, which provides that an arbitration hearing shall proceed in the absence of a party, also states that the absence of a party, personally or through counsel, shall constitute waiver of the right to reject the award. (145 Ill. 2d R. 91(a).) Where failure to appear was inadvertent, a party may seek relief pursuant to section 2—1301 or section 2—1401 of the Code of Civil Procedure. (145 Ill. 2d R. 91(a), Committee Comments.) Rule 91 requires parties to participate in the arbitration hearing in good faith; a party who fails to do so may be subject to sanctions under Rule 219(c), including an order debarring the party from rejecting the award. 145 Ill. 2d R. 91(b).

Defendants confuse Rules 93 and 91 with Rule 90(g), which authorizes the court to debar a party from rejecting the award as a sanction for failing to comply with Rule 237(b) notice to produce. The gravamen of the issue in the present case is not whether defendants failed to appear for purposes of preserving their right to reject the award; rather, the issue is whether the trial court's order debarring defendants from rejecting the award was an appropriate sanction. A party who fails to comply with a Rule 237(b) notice to produce is subject to the sanctions allowed under Rule 219(c), which authorizes

the trial court to impose a wide range of sanctions for a party's unreasonable refusal to comply with discovery. See 134 Ill. 2d Rules 237(b), 219(c).

The applicable standard of review in such cases is whether the trial court abused its discretion in imposing the sanction. (*Pickering v. Owens-Corning Fiberglas Corp.* (1994), 265 Ill. App. 3d 806, 820, 638 N.E.2d 1127, 1137, *appeal denied* (1994), 158 Ill. 2d 583, 645 N.E.2d 1367, *petition for cert. filed* (U.S. March 6, 1995), No. 94—1476, 63 U.S.L.W. 42; *Quarles v. Nationwide Insurance Co.* (1978), 66 Ill. App. 3d 455, 465, 383 N.E.2d 1234, 1241-42.) An abuse of discretion occurs when the court rules arbitrarily or when its ruling "exceed[s] the bounds of reason." (*In re Marriage of Malters* (1985), 133 Ill. App. 3d 168, 180, 478 N.E.2d 1068, 1076.) The burden is on the offending party to show that its noncompliance was reasonable or the result of extenuating circumstances. *Kubian v. Labinsky* (1988), 178 Ill. App. 3d 191, 197, 533 N.E.2d 22, 26, *appeal denied* (1988), 123 Ill. 2d 559, 535 N.E.2d 402; see also *Quarles*, 66 Ill. App. 3d at 465, 383 N.E.2d at 1241.

As alluded to above, the cases defendants rely on, *Campbell* and *Weisenburn*, are of questionable validity in light of the 1993 amendments to the rules governing arbitration. As the committee comments make clear, a party may be debarred from rejecting an award even if that party was present in person or through counsel at the arbitration proceeding. In an appropriate case, forfeiture of the right to reject an arbitration award is an acceptable sanction for failing to comply with Rule 237(b) notice to produce.

In view of the limited record on appeal, we cannot conclude that the trial court abused its discretion in debarring defendants from rejecting the award. Defendants present no excuse for their attorney's failure to request a continuance or to seek a waiver of their appearance at the arbitration proceeding. (See 145 Ill. 2d R. 90.) Although they argue that their absence did not prejudice plaintiffs, the significance of their testimony is impossible for us to gauge, particularly in the absence of deposition or trial proceeding transcripts.

Defendants also contend that since only Dorsey filed a Rule 237(b) motion, the trial court erred in imposing the sanction as to all of the consolidated cases. However, the arbitrators expressly noted that the Rule 237 motion was filed on behalf of Dorsey and Jones. Moreover, notice of the filing was sent to all attorneys involved in the case; thus, additional Rule 237(b) notices were unnecessary. Plaintiffs assert that all plaintiffs orally joined in Williams' motion for sanctions. While the record is devoid of a transcript of proceedings, the trial court's order entering judgment on the arbitration award indicates

that all plaintiffs must have joined the motion seeking sanctions. See *Foutch*, 99 Ill. 2d at 391-92, 459 N.E.2d at 959.

■ Defendants next argue that because Rule 92(c) authorizes the court to enter judgment on an arbitration award only if the award has not been rejected, the trial court erred in entering judgment on the award they rejected. Rule 92(c) provides that "[i]n the event none of the parties files a notice of rejection of the award and requests to proceed to trial within the time required herein, any party thereafter may move the court to enter judgment on the award." 134 Ill. 2d R. 92(c) (now Official Reports Advance Sheet No. 1 (January 5, 1994), R. 92(c), eff. January 1, 1994).

Defendants rely on *Lollis v. Chicago Transit Authority* (1992), 238 Ill. App. 3d 583, 606 N.E.2d 479, to support their contention that the trial court erroneously entered judgment on the rejected award. In *Lollis*, the plaintiff timely filed a rejection of an arbitration award in favor of the defendants. At the time of trial, plaintiff's counsel informed the court that his client was incarcerated and that he was thus not ready to proceed. The trial court then entered judgment on the arbitration award. The plaintiff subsequently sought to vacate this order and to receive the court's permission to voluntarily dismiss his action. The trial court denied both motions.

We found that the trial court, in effect, dismissed the plaintiff's action for want of prosecution, which is not considered an adjudication on the merits or a bar to a subsequent suit. Recognizing the policy in favor of the resolution of cases upon their merits, we held that the trial court erred in denying the plaintiff's motions. We also disagreed with the defendant's narrow interpretation of Rule 93. The defendant proposed that the provision allowing the parties to "proceed to trial" after a valid rejection of an arbitration award required only that the rejecting party receive an "opportunity to go to trial" and it contended that any prejudice suffered by a party unprepared for trial would be the result of "his failure to seize the opportunity." *Lollis*, 238 Ill. App. 3d at 587, 606 N.E.2d at 480-81.

The case at bar is readily distinguishable. In *Lollis*, the defendant did not challenge the plaintiff's right to reject the award, and the plaintiff filed his rejection in the proper form and in a timely manner. We repeat, at the risk of appearing to be didactic, that defendants in the instant case ignore the plain language of Rule 93 and the committee comments stating that a rejection of an award filed by a party debarred from rejecting is ineffective. (145 Ill. 2d R. 93(a), Committee Comments.) Moreover, defendants fail to heed our admonishment in *Lollis* to avoid "read[ing] the arbitration rules in a vacuum" and to "attempt to harmonize the rules as a unified body of

law." (*Lollis*, 238 Ill. App. 3d at 587, 606 N.E.2d at 481.) When the rules are viewed as a unified body of law, it becomes ineluctably clear that while the trial court may not enter judgment on a validly rejected award, it may sanction a party for failure to comply with Rule 237(b) by refusing to allow it to exercise the right of rejection.

■ Defendants assert that since they validly rejected the award prior to the motion for sanctions, the motion was untimely. Again, they did not make this argument at trial and have waived it on appeal. (*Schechter*, 254 Ill. App. 3d at 563, 627 N.E.2d at 109.) Waiver notwithstanding, it would be unreasonable for the court to demand that a prevailing party in arbitration seek a sanction barring rejection of the award prior to the filing of a rejection.

■ Defendants next argue that the trial court should have vacated its order pursuant to section 2—1301 of the Code of Civil Procedure. However, as plaintiffs point out, defendants did not file a petition to vacate the judgment pursuant to section 2—1301. They filed a motion to reconsider.

The purpose of a motion for reconsideration is to apprise the trial court of newly discovered evidence, a change in the law, or errors in the court's earlier application of the law. (*Gardner v. Navistar International Transportation Corp.* (1991), 213 Ill. App. 3d 242, 248, 571 N.E.2d 1107, 1111, *appeal denied* (1991), 141 Ill. 2d 539, 580 N.E.2d 112.) Whether to grant a motion for reconsideration is a determination resting within the trial court's discretion, subject to reversal only upon an abuse of discretion. *Greer v. Yellow Cab Co.* (1991), 221 Ill. App. 3d 908, 915, 582 N.E.2d 1292, 1296.

In the case at bar, defendants' motion for reconsideration merely reiterates the arguments they made in their response to the motion for sanctions. It includes the affidavits from their counsel and from Allen which were attached to the response. As such, it did not point out newly discovered evidence, changes in the law, or errors in the court's application of the law. It therefore cannot be said that the trial court erred in denying the motion.

As noted above, although the motion for reconsideration is not labeled as such, defendants state on appeal that they filed a motion to vacate pursuant to section 2—1301 of the Code of Civil Procedure, apparently referring to their motion for reconsideration. They argue that they have shown diligence and a meritorious defense and that the trial court therefore erred in refusing to vacate its order entering judgment on the arbitration award.

We examine the substance of a motion to determine its basis. (*Tiller*, 263 Ill. App. 3d at 656, 635 N.E.2d at 574.) Section 2—1301(e) authorizes the trial court to vacate a default judgment within 30

days of its entry upon motion by the defaulting party. (735 ILCS 5/2—1301(e) (West 1992).) The trial court is vested with discretion in determining the propriety of granting a section 2—1301 motion. (735 ILCS 5/2—1301(e) (West 1992).) Rule 91 allows parties who fail to appear, in person or through counsel, to file a motion pursuant to section 2—1301 or section 2—1401. In the instant case, defendants were not in default, because they appeared through counsel at the arbitration proceeding. Thus, we do not deem their motion for reconsideration a section 2—1301 motion. See 145 Ill. 2d R. 91(a).

■ Defendants finally contend that Rule 90(g) is unconstitutional because it requires litigants to submit their claims to a panel of attorneys as a prerequisite to a jury trial. Plaintiffs correctly point out that this is yet another argument defendants failed to raise in the trial court, thereby waiving it. *Schechter*, 254 Ill. App. 3d at 563, 627 N.E.2d at 109.

Waiver notwithstanding, we consider this issue and hold that Supreme Court Rule 90(g) is constitutional. (See Ill. Const. 1970, art. I, § 13 ("The right of trial by jury as heretofore enjoyed shall remain inviolate").) We agree with defendants that the right to a jury trial is "jealously guard[ed]" by courts. (*Stephens v. Kasten* (1943), 383 Ill. 127, 133, 48 N.E.2d 508, 511.) However, the rules governing mandatory arbitration do not foreclose a litigant's access to court and to a jury trial. As noted earlier, a party may reject an arbitration award for any reason. However, in the context of an arbitration proceeding, just as at trial, a party may lose the right to proceed with a jury trial as a sanction for violating certain rules. 134 Ill. 2d Rules 219(c), 237(b); 145 Ill. 2d R. 90(g); see, *e.g., Farley Metals, Inc. v. Barber Colman Co.* (1994), 269 Ill. App. 3d 104, 645 N.E.2d 964.

Other jurisdictions have found similar mandatory arbitration procedures constitutional. (See *Firelock Inc. v. District Court of 20th Judicial District* (Colo. 1989), 776 P.2d 1090, 1095-96; *National Instrument Co. v. Hortigro, Inc.* (1983), 121 Misc. 2d 1077, _____, 469 N.Y.S.2d 566, 568; *Application of Smith* (1955), 381 Pa. 223, 234-35, 112 A.2d 625, 630-31; see also *Neal v. State Farm Insurance Co.* (Minn. Ct. App. 1993), 509 N.W.2d 173, 178-79 (holding that mandatory arbitration for no-fault claims under $5,000 did not violate an insurer's right to a jury trial under State constitution), *reversed on other grounds* (Minn. 1995), 529 N.W.2d 330; *Barazzotto v. Intelligent Systems, Inc.* (1987), 40 Ohio App. 3d 117, 120, 532 N.E.2d 148, 151 (noting that "[c]ompulsory arbitration can only be reconciled with the constitutional right to a jury trial if the party with the right to a jury trial has the right, following the arbitration result, to demand a jury trial *de novo*]").) The determinative criterion of mandatory

arbitration's constitutionality is the preservation of the right to a jury trial through the parties' ability to reject or appeal the award. See *Barazzotto*, 40 Ohio App. 3d at 120, 532 N.E.2d at 151; see also 5 Am. Jur. 2d *Arbitration & Award* § 9, at 526 (1962), at 193-94 (Supp. 1995).

Under Illinois' rules, parties have the right of rejection—unless they are subjected to a sanction debarring rejection. Accordingly, in light of the above-cited authorities and the fact that, in Illinois, the supreme court itself promulgated the rules governing arbitration, it would appear to be all too sanguine for defendants to urge that Rule 90(g) is an unconstitutional infringement upon the right to a jury trial.

Affirmed.

HARTMAN and McCORMICK, JJ., concur.