JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff-appellant, Madeline Lecso ("Lecso"), appeals from the trial court's decision to grant summary judgment in favor of defendant-appellee, Toyota of Bedford ("Toyota"). For the reasons that follow, we affirm.
 {¶ 2} On August 3, 2004, Lecso filed her complaint against Toyota for negligence, false representation, and a claim under R.C. 1345.01, et seq., Ohio's Consumer Sales Practices Act ("CSPA"). The claims arise from the servicing of a Toyota Avalon Lecso purchased from Motorcars of Toyota on December 29, 2000. At that time, she also obtained a three-year/36,000 mile warranty on the vehicle. Lecso primarily utilized the vehicle for business purposes and reported it on her tax returns as a deduction.
 {¶ 3} Lecso maintains that she took her car to Toyota for servicing in August 2003 and that Toyota overfilled the oil by approximately one inch. Lecso drove the car for approximately 400 miles before she noticed the overfill, at which point she returned to Toyota. Toyota drained off an extra half quart of oil according to the invoice in evidence dated August 18, 2003. Lecso further maintains that Toyota improperly charged her for repairing her rear disk brake system when it should have been covered by her warranty.
 {¶ 4} On November 19, 2003, the vehicle was involved in an accident. On December 31, 2004, Lecso states she sold the vehicle for approximately $3,000 less than the N.A.D.A book value due to Toyota's overfilling of the oil.
 {¶ 5} The trial court granted Toyota's motion for summary judgment, which is the subject of this appeal. Lecso now appeals raising three assignments of error for our review.
 {¶ 6} "I. The trial court erred in granting summary judgment to defendant in this matter in which there are genuine issues as to material facts remaining to be litigated, the moving party is not entitled to judgment as a matter of law and, construing the evidence most strongly in favor of the plaintiff, reasonable minds can differ as to whether plaintiff's automobile was left in an unacceptable state of repair and was forced to sell the car because it was damaged.
 {¶ 7} "II. The trial court erred in granting summary judgment to defendant in this matter in which there are genuine issues as to material facts remaining to be litigated, the moving party is not entitled to judgment as a matter of law and, construing the evidence most strongly in favor of the plaintiff, reasonable minds can differ as to whether the defendant made misrepresentations regarding the repair of her vehicle.
 {¶ 8} "III. The trial court erred in granting summary judgment to defendant in this matter in which there are genuine issues as to material facts remaining to be litigated, the moving party is not entitled to judgment as a matter of law and, construing the evidence most strongly in favor of the plaintiff, reasonable minds can differ as to whether the defendant violated the consumer sales practices act regarding the repair of her vehicle."
 {¶ 9} Because all of the assignments of error challenge the trial court's decision to grant Toyota's motion for summary judgment, we address them together.
 {¶ 10} The party seeking summary judgment bears the burden of demonstrating that no issues of material fact exist for trial.Celotex Corp. v. Catrett (1987), 477 U.S. 317, 330; Mitseff v.Wheeler (1988), 38 Ohio St.3d 112, 115. Doubts must be resolved in favor of the nonmoving party. Murphy v. Reynoldsburg (1992),65 Ohio St.3d 356.
 {¶ 11} This Court reviews the lower court's granting of summary judgment de novo. Brown v. Scioto Bd. of Commrs.
(1993), 87 Ohio App.3d 704. Pursuant to Civ.R. 56(C), "[t]he reviewing court evaluates the record * * * in a light most favorable to the nonmoving party * * *. [T]he motion must be overruled if reasonable minds could find for the party opposing the motion." Saunders v. McFaul (1990), 71 Ohio App.3d 46, 50;Link v. Leadworks Corp. (1992), 79 Ohio App.3d 735, 741.
A. Negligence
 {¶ 12} Lecso had the burden to establish the necessary elements of negligence, which are "(1) the existence of a legal duty, (2) the defendant's breach of that duty, and (3) injury that is the proximate cause of the defendant's breach." Wallacev. Ohio DOC (2002), 96 Ohio St.3d 266, ¶ 22, citing Mussivandv. David (1989), 45 Ohio St.3d 314, 318. Assuming without deciding that Lecso satisfied the first two elements of negligence, there is no evidence of the third. Beyond mere speculation that overfilling the oil can cause damage to a car's engine, there is no evidence to suggest that this occurred to Lecso's vehicle. Therefore, even construing the evidence in a light most favorable to plaintiff, Toyota was entitled to summary judgment on this claim.
B. Misrepresentation
 {¶ 13} To establish the tort of fraudulent misrepresentation, Lecso had to prove the following elements: (1) a false representation, actual or implied, or a concealment of fact material to a transaction; (2) knowledge of the falsity on the party of the person making the representation, (3) intent to mislead another into relying on the representation, (4) reliance, with a right to do so, by the party claiming injury, and (5) injury resulting from the reliance. Hershman v. University ofToledo (1987), 35 Ohio Misc.2d 11, 17.
 {¶ 14} Lecso maintains that Toyota fraudulently misrepresented that the brake job was not covered by the warranty.[1] The warranty does not cover normal wear and tear to the vehicle. On August 4, 2003, Toyota performed a brake inspection at Lecso's request. The invoice provided, "technicians found driver's rear brake pad got stuck in the caliper slide and did not release from the rotor causing pad to wear down to nothing left and heavily score the rotor, replaced rear brake pads, rotors and shims and cleaned the caliper slides of all corrosion and lubed slides." Lecso was charged and paid for the repairs without complaint. At deposition, Lecso admitted she did not know what the warranty covered, had not read or reviewed the warranty, and did not challenge or question the invoice at the time of service. While the experts disagree over whether the work in question was covered by the warranty and/or whether there was a breach thereof, the evidence falls short of fraudulent misrepresentation. There is no evidence that Toyota fraudulently misrepresented the nature of the repairs. Lecso does not dispute that Toyota performed the repairs as described on the invoice. Accordingly, the trial court did not err by granting summary judgment to Toyota on this claim.
C. Consumer Sales Practices Act
 {¶ 15} The Consumer Sales Practices Act applies to "consumer transaction" that include the sale of an item of goods or services to an individual "for purposes that are primarily personal, family, or household." R.C. 1345.01(A). The act does not apply to cars purchased or leased primarily for use in the individual's business. See Lucas v. Automanage, Inc. (April 6, 1992), Butler App. No. CA91-05-100, citing Barazzotto v.Intelligent Systems, Inc. (1987), 40 Ohio App.3d 117, 120-21. Lecso testified that she primarily used the vehicle (95% of the time) for business purposes, thus the CSPA does not apply. The trial court properly granted summary judgment to Toyota on this claim.
 {¶ 16} Assignments of Error I, II, and III are overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Gallagher, J., and Rocco, J., concur.
[1] To the extent Lecso intended to include the oil overfill within this claim, it would not establish actionable fraud. Fraud, like negligence, requires proof of injury resulting from the alleged misrepresentation. The record contains no evidence that Lecso suffered any injury as a result of the oil overfill or due to any representation by Toyota on this issue.