THOMAS, Appellant,

v.

**MICRO CENTER INC., Appellee, et al.**

[Cite as *Thomas v. Micro Ctr.,* 172 Ohio App.3d 381, 2007-Ohio-1972.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 88298.

Decided April 26, 2007.

C. Douglas Thomas, pro se.

Benesch, Friedlander, Coplan & Aronoff, L.L.P., Roger L. Schantz, Lyle B. Brown, and Jennifer M. Turk, for appellee Micro Center, Inc.

MELODY J. STEWART, Judge.

{¶ 1} Plaintiff-appellant, C. Douglas Thomas, appeals from a summary judgment rendered in favor of defendant-appellee Micro Center, Inc. on his claims for breach of warranties relating to a defective laptop computer he purchased from Micro Center. Appellant's sole assignment of error contests the summary judgment on grounds that the court erroneously rejected his various warranty claims. We affirm in part and reverse in part. We agree that the court erred by granting summary judgment on the implied warranty claims, because there is no evidence in the record to show that Micro Center validly limited or excluded those warranties. We reject appellant's arguments relating to the Magnuson–Moss Warranty Act and the extended warranty because there is no evidence to show that Micro Center made any written warranties or was a party to the extended warranty.

I

{¶ 2} Micro Center does not dispute any of appellant's factual allegations, so summary judgment may follow as a matter of law. See Civ.R. 56.

{¶ 3} Appellant purchased a Toshiba computer from Micro Center on January 2, 2004. The Micro Center purchase receipt stated that "NOTEBOOK/LAPTOP

COMPUTERS * * * MAY BE RETURNED OR EXCHANGED WITHIN 7 DAYS OF PURCHASE * * *." (Capitalization sic.)

{¶ 4} Toshiba provided a one-year limited warranty against defects in materials and workmanship, and further warranted that the computer would conform to the factory specifications in effect at the time the computer had been manufactured.

{¶ 5} Appellant also purchased a three-year "TechSaver Protection Plan." The plan specifically stated that "coverage begins on the date of purchase of the covered equipment and is inclusive of the manufacturer's warranty. During the manufacturer's warranty period, any parts and labor covered by that warranty are the sole responsibility of the manufacturer." The plan stated that it was an agreement between Butler Financial Solutions, L.L.C., and the purchaser.

{¶ 6} The computer began to malfunction just three weeks after purchase. Appellant spoke with Toshiba's customer service and then brought the computer back to Micro Center. Appellant stated that the problem had "something to do with the programming." Micro Center accepted the computer back and reinstalled the operating system to get the computer working.

{¶ 7} The computer worked correctly for only one month after that. Sometime in March or April 2004, the computer began malfunctioning. Appellant said that he called Toshiba customer service about eight times at that point. He could not recall the exact nature of the problems he experienced, but said that Toshiba "carried me through and it started working again." These fixes lasted for only two or three weeks, though. Toshiba told appellant that he had a broken "recovery disk." It sent him a new disk, and the computer began working again. In July 2004, the computer again stopped working. Toshiba diagnosed the problem as a "hard drive problem" and replaced the hard drive. Appellant received the computer back in August 2004, but it would not "boot." Toshiba told appellant to take the computer to a local repair facility. That facility again replaced the hard drive along with some other components, but these repairs did not fix the problems. It told appellant that it could not repair his computer. Appellant again contacted Toshiba and said that he wanted a replacement computer. Toshiba told appellant to contact Micro Center because it was "not their policy to replace computers." Micro Center told appellant that it had no obligation to replace the computer because the computer was still under warranty with Toshiba. Appellant contacted Toshiba's legal department by mail to demand a replacement computer, but his letter went unanswered.

{¶ 8} Appellant filed a complaint against both Toshiba and Micro Center that asserted three claims: (1) breach of contract based on the express warranty issued by Toshiba and the TechSaver Protection Plan extended warranty purchased through Micro Center, (2) breach of implied warranties of merchantability and fitness under R.C. 1302.27, and (3) violation of the Magnuson–Moss Warranty

Act. Micro Center filed a motion for summary judgment on all three claims, arguing that it did not issue any warranties to appellant, that appellant's claims related to a time period in which Toshiba had warrantied the computer, and that the Magnuson–Moss Act was inapplicable to commercial transactions. The court granted summary judgment without opinion.[1]

## II

{¶ 9} Appellant first argues that Micro Center is liable to him pursuant to R.C. 1302.27, which codifies Section 2–314 of the Uniform Commercial Code, because it imposes implied warranties of merchantability and fitness for a particular purpose. He maintains that regardless of what Toshiba may have disclaimed, these implied warranties applied to Micro Center.

{¶ 10} R.C. 1302.27 [UCC 2–314] states:

{¶ 11} "(A) Unless excluded or modified as provided in section 1302.29 of the Revised Code, a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind."

{¶ 12} The implied warranty of fitness for a particular purpose is set forth in R.C. 1302.28 [UCC 2–315], which states:

{¶ 13} "Where the seller at the time of contracting has reason to know any particular purpose for which the goods are required and that the buyer is relying on the seller's skill or judgment to select or furnish suitable goods, there is unless excluded or modified under section 1302.29 of the Revised Code an implied warranty that the goods shall be fit for such purpose."

{¶ 14} R.C. 1302.29(B) [UCC 2–316] governs the exclusion of implied warranties. That section states:

{¶ 15} "Subject to division (C) of this section, to exclude or modify the implied warranty of merchantability or any part of it the language must mention merchantability and in case of a writing must be conspicuous, and to exclude or modify any implied warranty of fitness the exclusion must be by a writing and conspicuous. Language to exclude all implied warranties of fitness is sufficient if it states for example, that 'There are no warranties which extend beyond the description on the face hereof.' "

---

1. Toshiba filed a motion for partial summary judgment relating to appellant's claims for consequential and incidental damages. The court granted partial summary judgment on those issues. Appellant initially asked the court to make a Civ.R. 54(B) certification of no just reason for delay, but before the court could issue that certification, he dismissed Toshiba pursuant to Civ.R. 41(A).

{¶ 16} Micro Center is a "merchant" as defined by R.C. 1302.01(5) [UCC 2–104(1) ].

{¶ 17} The record contains no evidence to show that Micro Center excluded its warranties under R.C. 1302.29(B). The sales receipt shows that Micro Center limited the return or exchange of laptop computers to seven days after purchase, but this did not constitute a valid exclusion of warranties. To be effective, the exclusion of a warranty must mention merchantability and, in the case of fitness for a particular purpose, must be conspicuous. The receipt offered into evidence contained none of these requirements.

{¶ 18} Micro Center implicitly conceded this failure to exclude warranties as it did nothing more than point out that R.C. 1302.27 did not apply because the Toshiba warranty expressly disclaimed any implied warranties of merchantability.

{¶ 19} Toshiba's exclusion of implied warranties does not apply to Micro Center. In *Barazzotto v. Intelligent Sys., Inc.* (1987), 40 Ohio App.3d 117, 119–120, 532 N.E.2d 148, the Second District Court of Appeals cited 3 Anderson, Uniform Commercial Code (1983) 365–366, Section 2–316:62, for the following proposition:

{¶ 20} "When the manufacturer sells the goods to a dealer who resells the goods to the ultimate purchaser, the latter cannot sue the manufacturer if the manufacturer ha[s] made a disclaimer of warranties that satisfies UCC § 2–316. The fact that the manufacturer is thus protected from liability does not protect the dealer who resells without making this [sic] own disclaimer of warranties. That is, the manufacturer's disclaimer of warranties does not run with the goods so as to protect any subsequent seller of them. To the contrary, each subsequent seller must make his own independent disclaimer in order to be protected from warranty liability."

{¶ 21} We likewise reject Micro Center's argument that because appellant did not make any argument relating to the implied warranty of fitness for a particular purpose in his brief in opposition to summary judgment, he could not raise this argument thereto for the first time on appeal. Appellant's amended complaint adequately set forth a claim for breach of the warranty of fitness for a particular purpose. Micro Center's erroneous decision to rely on Toshiba's exclusion of warranties meant that it offered nothing to defeat that claim. Since Micro Center did not carry its initial burden of showing its entitlement to judgment as a matter of law, appellant had no obligation to put forward evidence relating to that claim in response to the motion for summary judgment. See *Toledo's Great E. Shoppers City, Inc. v. Abde's Black Angus Steak House No. III., Inc.* (1986), 24 Ohio St.3d 198, 202, 24 OBR 426, 494 N.E.2d 1101.

{¶ 22} Micro Center presented no evidence to show that it excluded any warranties when it sold the computer to appellant. We therefore find that the

court erred by granting summary judgment to Micro Center on appellant's claims for breach of implied warranties of merchantability and fitness for a particular purpose.

## III

{¶ 23} Appellant based his second claim under the Magnuson–Moss Warranty Act, Section 2301 et seq., Title 15, U.S.Code.

{¶ 24} The act requires manufacturers and sellers of consumer products who provide written warranties to consumers to give detailed information about their warranty coverage. In addition, it affects both the rights of consumers and the obligations of warrantors under written warranties. It is important to understand that the Act applies only to written warranties. Section 2302(a), Title 15, U.S.Code, states:

{¶ 25} "Full and conspicuous disclosure of terms and conditions; additional requirements for contents. In order to improve the adequacy of information available to consumers, prevent deception, and improve competition in the marketing of consumer products, any warrantor warranting a consumer product to a consumer by means of a written warranty shall, to the extent required by rules of the Commission, fully and conspicuously disclose in simple and readily understood language the terms and conditions of such warranty."

{¶ 26} There is no evidence that Micro Center offered any warranties on the Toshiba computer. The only evidence of a written warranty consists of the Toshiba warranty and the TechSaver extended warranty. Micro Center did state its return policy on the receipt that it printed at the time of the transaction. That policy, however, is not required by law and does not constitute a written warranty for purposes of the act. The receipt did not contain any written information relating to the performance or workmanship of the computer. See Section 2301(6)(a), Title 15, U.S.Code. The return policy is nothing more than a courtesy to its customers and not a warranty.

{¶ 27} It follows that with no written warranty issued by Micro Center, appellant could not, as a matter of law, prevail on any Magnuson–Moss warranty claim directed against Micro Center. The court did not err by granting summary judgment to Micro Center on appellant's Magnuson–Moss warranty claim.[2]

## IV

{¶ 28} Finally, appellant argues that the court erred by granting summary judgment to Micro Center because Micro Center failed to disclose that the

---

2. In its motion for summary judgment, Micro Center argued that appellant had no rights under the Magnuson–Moss Warranty Act because the act applies only to consumer products and appellant purchased the laptop computer for his business, that is, for commercial

TechSaver extended warranty that it sold him did not bind Micro Center as a principal to that agreement. Appellant claimed that he saw the actual extended warranty for the first time in Micro Center's motion for summary judgment and that had he known it was issued by a third-party, Butler Financial Solutions, he would not have purchased it. Micro Center disputed appellant's contention that he did not receive a copy of the extended warranty at the time of purchase by attaching to its motion for summary judgment an affidavit from an employee who averred that all purchasers of an extended warranty are given a copy of the extended warranty at the time of purchase.

{¶ 29} We summarily overrule this assignment because regardless of whether appellant received a copy of the extended warranty at the time of purchase, that warranty was not made by Micro Center. The TechSaver agreement prominently states that *"[t]his Plan is an agreement between Butler Financial Solutions, LLC (Butler) * * * and you, the purchaser."* (Italics sic.) The court did not err by granting summary judgment to Micro Center on the extended warranty claim.

{¶ 30} The judgment is affirmed in part and reversed in part, and the cause is remanded to the lower court for further proceedings consistent with this opinion.

Judgment accordingly.

SWEENEY, P.J., and BOYLE, J., concur.

---

purposes. We need not address this argument, however, given our finding that, as a matter of law, Micro Center did not make any written warranty that falls within the act. Micro Center's argument relating to the commercial use of the laptop computer is moot.