## Wayne S. Fox et al., Appellants, v. Illinois Central Railroad Company, Appellee.

### Gen. No. 9,583.

WEAVER & WEAVER, of Wheaton, for certain appellant; HARRY G. WEAVER, of counsel.

JOHN W. LEEDLE, of Wheaton, for certain other appellant; JOHN W. LEEDLE, of counsel.

ALSCHULER, PUTNAM, JOHNSON & RUDDY, of Aurora, for appellee; GLENN T. JOHNSON and SAM ALSCHULER, of counsel.

MR. PRESIDING JUSTICE WOLFE delivered the opinion of the court.

On July 24, 1938, between one and two a.m. Glenn Lynch, was driving an automobile of the plaintiff, Wayne S. Fox. Thomas Linton was riding in said automobile as a passenger. They were traveling in a northerly direction on a highway known as Illinois State Route 59. The defendant, Illinois Central Railroad Company was operating a locomotive engine drawing a freight train consisting of 68 cars along its track which intersects the said public highway. At the time in question, the said automobile was driven to said tracks and collided with the 66th car of said train. As a result of said collision, the said Glenn Lynch and Thomas Linton were killed, and the automobile of said Fox was greatly damaged.

Wayne S. Fox, Thomas W. Linton, administrator of the estate of Thomas Linton, deceased, and James E.

Lynch, administrator of the estate of Glenn Lynch, deceased, the plaintiffs, filed a petition consisting of 13 counts charging that at all times at, and just prior to the time of the collision in question, the plaintiffs' intestates were in the exercise of due care and caution for their own safety; that through the negligence of the railroad company, the collision occurred, and the plaintiffs' intestates were killed. The defendant filed a motion to strike plaintiffs' complaint because it did not state a cause of action, and assigned seven reasons in support of their motion. The plaintiffs filed a motion to strike the motion of the defendant because as they claimed, the motion of the defendant was insufficient because it did not state facts, but merely the conclusion of the defendant. The court overruled the motion of the plaintiffs to strike the motion of the defendant, and sustained the motion of the defendant to strike the petition of the plaintiffs because it did not state a cause of action. The court entered an order dismissing the complaint and assessed the costs against the plaintiffs. It is from this order that the appeal is prosecuted.

Count 1 of the complaint is based on general negligence in an attempt to follow what is commonly known as the general negligence count, or the Jenning's count.

The second count charges the collision occurred on a dark, foggy and misty night; that such fog, darkness and mist were of such density that unlighted objects, obstacles or vehicles upon said highway at the point of said intersection were not shown or revealed by the headlights of automobiles approaching an object, obstacle or vehicle situate, at or upon said intersection until such approaching automobile was about to come in contact with such object, obstacle or vehicle and charged the railway company with negligence in the management and operation of its train under such conditions.

Count No. 3, charges that there was a device, long known as an automatic signal bell, which was commonly used in crossings of railroads. When the train was approaching the crossing, it would automatically start said signal and the lights would flash and bells would ring in order to warn persons about to cross the railroad crossing of danger of engines or trains or when trains stopped on such highway crossing; that the defendant should have installed such signal lights on their crossing; that the defendant had been notified by the Illinois Commerce Commission several months prior to July 1938, of the necessity of installing such an automatic bell or signal lights; that the defendant refused to install such bells, and on account of the negligence, the accident occurred.

Count 4, is practically the same as count 3, with the exception that it does not allege that the Illinois Commerce Commission had ever notified the defendant of the dangerous character of the crossing and that a signal light should be placed at said crossing. Count No. 5 alleged that it was a damp, foggy and misty night and on account of the atmospheric conditions, the visibility was poor and that the plaintiffs' intestates could not see the train, as they approached it and charged that the railroad company, in violation of the statute allowed the train to stand upon said crossing for a longer time than the statute permitted, namely, 10 minutes, and that the train was allowed to stand upon the said track at said crossing for a period to-wit, 20 minutes, and as a result of such negligence, the collision occurred, and the plaintiffs were damaged. Count 6, is practically the same only differently worded from count 5.

Count 7, charges that neither the Department of Public Works and Buildings of the State of Illinois, nor local authorities had ever erected any signs at or near said crossing showing what was a reasonable rate of speed. Count 8, charges that the train of the de-

fendant was negligently left on said crossing obstructing the road for a period of to-wit, 20 minutes contrary to the statute in such case made and provided. Counts 9, 10, 11 and 12 are a combination of parts of previous counts.

Count 13 is a long one and contains many of the allegations of the previous counts, but in substance it alleges that the weather at the time of the accident, was dark, foggy and misty; that the first 66 cars of the defendant's train of 68 cars had pulled past the intersection, and the train had stopped for more than 20 minutes; that the intersection of said railroad right-of-way and the track of said defendant with the public highway was at the lowest place on the public highway within a distance of one-half mile on either side of said crossing, and that the conditions existing at that time were dangerous and were known to the defendant; that there were no lights or signal bells displayed, and that the defendant gave no warning of the train obstructing the highway, and such acts amounted to negligence on the part of the defendant, was the proximate cause of the collision.

It is first insisted by the appellants that the court erred in not striking the motion of the defendant to dismiss the complaint, as it did not state sufficient facts to inform the court wherein the petition of the plaintiffs' did not state a cause of action. We do not think it is necessary to set forth the motion, but assignment No. 2, charges that the complaint is lacking in any. allegation of fact showing negligence on the part of the defendant. This would certainly be a challenge to the sufficiency of the complaint. The third assignment challenges the petition because there are no facts shown that the damage suffered by the plaintiffs was a proximate result of any negligence on the part of the defendant, and fourth, that the complaint in each count thereof, in the affirmative shows a lack of due care on the plaintiffs' intestates and each of them.

Other parts of the motion state that the matter of placing signals at railroad crossings, is wholly under the jurisdiction of the Commerce Commission of the State of Illinois. It seems to us that these facts wherein the count was defective, are clearly called to the court's attention, and the court did not err in overruling the motion of the appellants to strike defendant's motion to dismiss the complaint.

The court had occasion to pass on a similar question in the case of *Becker v. Schwartz*. This case is not reported in full, but is abstracted in 283 Ill. App. 648. The contention was made in *Becker v. Schwartz, supra*, the same as in the case now before us, namely, that count No. 1, followed the language of the declaration of the Jenning's case. We pointed out in our former opinion the distinction between the allegations in the Jenning's case and the case at bar. In the Jenning's case, it was alleged that, as the car of the defendant was proceeding along Cottage Grove avenue near to the intersection of Seventeenth street, it ran into and struck the carriage in which the plaintiff was riding, while in the instant case it is averred and charged that while the automobile in which the plaintiffs' intestates were riding was proceeding along the hard road, it struck a railroad train later which was obstructing the crossing. It is our conclusion that the first count of the declaration was insufficient, as it did not state a cause of action.

In the case of *Cash v. New York Cent. R. Co.*, 294 Ill. App. 389, the complaint filed was in many respects similar to the one in question. The plaintiff was riding as a guest in an automobile on one of the public highways of our State, and ran head on into a freight train standing across said highway at a grade crossing. The petition charges that the crossing was extra hazardous and dangerous in the nighttime because of the location of the track and the road; that it was difficult for the automobile lights to shine on the cross-

ing, as the train stood upon it; that the crossing had remained in a dangerous condition for a period of 3 years or more, which was well known to the defendant, and during that period, several accidents had occurred at the same crossing, and no sufficient signal, or warning devices were maintained or used to give warning to persons crossing, and because the railroad company had failed to perform its duty in placing signals at the crossings, the defendant intestate was killed.

The defendant filed a motion to dismiss the petition, which was sustained by the trial court, and the case dismissed. From this order an appeal was perfected to this court. The Appellate Court held that the petition did not state a cause of action against the defendant and affirmed a judgment of the trial court. In the case of *Coleman v. Chicago B. & Q. R. Co.*, 287 Ill. App. 483, the plaintiffs were riding in an automobile, and ran into the side of a train of cars of the defendant, and were injured. They claimed that their view was obstructed by smoke coming from a slag pile near a mine. The case was tried on the theory that it was the duty of the railroad company to erect warning signs of some kind at or near the crossing, and this, it failed to do and because of their negligence to erect such signs, the accident occurred and the plaintiffs were injured. The case was tried before a jury which rendered judgment in favor of the plaintiff. The railroad company took an appeal to the Appellate Court of the Fourth District. The opinion was written by the late Justice EDWARDS, who reviewed many of the cases, both in our own, and other States, where the same or similar question had been presented. The court held that the defendant was not liable and reversed the case without remanding.

We do not think that the counts charging the defendants with negligently failing to place warning signs at the crossings in question, stated a cause of action against the defendant. We stated in our former

opinion, *Becker v. Schwartz, supra,* that the Commerce Commission of the State of Illinois has sole and exclusive jurisdiction to order warning signs at railroad crossings. It will be observed in this case that the petition does not charge that the railroad company violated any statute, ordinance or regulations of the commerce commission, and it is our conclusion that the alleged facts in the present petition are insufficient to charge that the railroad company violated any such statutes, ordinances or regulations of the commerce commission, and it cannot be said to constitute negligence on its part.

The petition also charges that the defendant violated the statutes of Illinois, by allowing their train to stand on said crossing 20 minutes which is 10 minutes more than the statutory period allowed. In *Pennsylvania R. Co. v. Huss,* 96 Ind. App. 71, 180 N. E. 919, a case in which the plaintiff ran into the side of a train of the defendant standing at the railroad crossing. The evidence shows that the night was dark, cool and damp; and at the scene of the accident there was a fog or mist; and the visibility was very poor. One of the allegations of the complaint was that the train of the defendant had been allowed to stand upon said crossing longer than the statutory period. The court, in passing upon this, used this language: ''The purpose of this statute is to prevent delay to traffic using our avenues of travel at points where railroads intersect such avenues, and to keep open such ways of communication in order that any person, or persons, desiring to use the same may do so without unreasonable interference. It was not enacted in order to protect persons from damage to either person or property occasioned by collision with a car or cars necessarily obstructing a highway for a reasonable time.'' The court further in its opinion uses this language: ''Can it be said upon a consideration of the evidence in this case, that appellant in the exercise of ordinary care

should have anticipated that, in the natural course of events and according to common experience, the driver of some automobile using the highway which intersects its railroad tracks would or might attempt to cross over the tracks at a time when the same was occupied by a freight car forming a part of one of its trains? Was there any negligence charged in the complaint and proven by the evidence that was a proximate cause of appellee's injuries? We are of the opinion that these questions must be answered in the negative. Certainly it can not be reasonably said that it is usual for the driver of an automobile traveling over the highways of this state to run into a freight train standing over a crossing; or that such an event is likely to occur.''

In the case of *Overstreet v. Illinois Power & Light Corp.*, 356 Ill. 378, Overstreet sued the Power and Light Company for damages he sustained when the automobile in which he was driving collided with a street sweeper owned by the defendant, being operated on its tracks in the city of Danville. It was charged that the defendant was negligent in stopping its car on a public street without having it lighted or having a watchman out to warn approaching traffic of the danger. The court in 356 Ill. 383 have this to say: ''The first question arising on this record is whether there is any evidence of negligence on the part of plaintiff in error. If not, it was the duty of the court to instruct the jury to return a verdict of not guilty. As we have seen, the first count of the declaration was a general count, which, without specification, stated that the injury was occasioned by the negligent operation of the sweeper by the plaintiff in error's servants. To sustain a verdict for damages for personal injuries it is incumbent upon the plaintiff to allege and prove the existence of a duty on the part of the defendant to protect the plaintiff from the injury of which he complains and the failure of the defendant to perform that

duty, which failure resulted in the injury. (*Miller v. Chicago and Northwestern Railway Co.* 347 Ill. 487; *Bremer v. Lake Erie and Western Railroad Co.* 318 id. 11; *McAndrews v. Chicago, Lake Shore and Eastern Railway Co.* 222 id. 232.) The facts alleged and proved must be such as to bring the right of recovery within some statute or common law rule. (*Miller v. Chicago and Northwestern Railway Co. supra.*) It is not sufficient that the plaintiff's declaration allege generally a duty of the defendant but it must state facts from which the law will raise a duty, and it is necessary to show an omission of such duty resulting in injury.''

The court, in their opinion, state that the only ground on which Overstreet sought to sustain the judgment in the case was that the street car company owed him a duty in some manner to warn him of the presence of the snow sweeper in time to avoid a collision, that they neglected to perform that duty. There is no charge of any violation of any statute or ordinance or regulation; nor do they aver that there is such ordinance or regulation that the street car company should have warned the plaintiff of the presence of the sweeper upon the track. The court reviewed several cases from other jurisdictions and held that there was no duty resting upon the street car company to warn the defendant of the presence of the sweeper upon the track and therefore reversed the judgment of the trial court.

It is our conclusion that the petition of plaintiffs was insufficient, as it did not state a cause of action. The trial court properly sustained the motion of the defendant to strike the same from the files, and entered judgment against the plaintiffs for costs.

The judgment of the trial court is affirmed.

*Affirmed.*