Filed 5/19/08          NO. 4-07-0816

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| PHILLIP MORRIS, Administrator of the | ) | Appeal from |
| Estate of ALVIN MORRIS, Deceased, | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Coles County |
| v. | ) | No. 05L86 |
| ILLINOIS CENTRAL RAILROAD COMPANY, | ) | |
| d/b/a CANADIAN NATIONAL/ILLINOIS | ) | |
| CENTRAL RAILROAD; and TATE & LYLE | ) | Honorable |
| GRAIN, INC., d/b/a STALEY GRAIN, INC., | ) | Teresa K. Righter, |
| Defendants-Appellees | ) | Judge Presiding |

_____

JUSTICE COOK delivered the opinion of the court:

Plaintiff, Phillip Morris, administrator of the estate

of Alvin Morris, appeals the trial court's order dismissing his

complaint against defendants Illinois Central Railroad Company,

which does business as Canadian National/Illinois Central Rail-

road (Illinois Central), and Tate and Lyle Grain, Inc., which

does business as Staley Grain, Inc. (Tate and Lyle).  We affirm.

I. BACKGROUND

Plaintiff's original complaint alleged that on January

1, 2004, at approximately 7:06 p.m., Alvin Morris drove his

vehicle into the side of an Illinois Central train that was

stopped at a railroad crossing on tracks owned by Tate and Lyle.

Plaintiff claimed that at the time of the crash, the area was

unlit at night with overcast sky and precipitation.  Plaintiff

died as a result of the injuries he sustained in the crash.

Both defendants filed motions to dismiss pursuant to

section 2-615 of the Code of Civil Procedure (735 ILCS 5/2-615 (West 2004)) and section 2-619 of the Code of Civil Procedure (735 ILCS 5/2-619 (West 2004)). Plaintiff confessed those motions by agreement with leave to file a first amended complaint. Plaintiff filed his first amended complaint.

Both defendants filed motions to dismiss plaintiff's first amended complaint. Finding the complaint failed to state a cause of action, the trial court granted both motions without prejudice. Plaintiff filed his second amended complaint. In both counts that addressed the separate defendants, plaintiff alleged that each defendant "failed to illuminate its train at the crossing or to make [it] visible to motorists at the crossing site given the special circumstances that existed at the time." On August 13, 2007, the court granted both defendants' motions to dismiss with prejudice for plaintiff's failure to state a cause of action. This appeal followed.

## II. ANALYSIS

Defendants' motions to dismiss reference both section 2-615 and 2-619 of the Code of Civil Procedure. 735 ILCS 5/2-615, 2-619 (West 2004). When resolving motions to dismiss under either section 2-615 or section 2-619, a trial court is required to accept as true all well-pled factual allegations. See In re Chicago Flood Litigation, 176 Ill. 2d 179, 184, 680 N.E.2d 265, 268 (1997). This court reviews dismissals under either section

de novo.  People ex rel. Ryan v. World Church of the Creator, 198 Ill. 2d 115, 120, 760 N.E.2d 953, 956 (2001) (section 2-615 motion to dismiss); DeLuna v. Burciaga, 223 Ill. 2d 49, 59, 857 N.E.2d 229, 236 (2006) (section 2-619 motion to dismiss).

Illinois courts follow the "longstanding rule that a train stopped at a crossing is generally held to be adequate notice and warning of its presence to any traveler who is in exercise of ordinary care for his own safety, and the railroad is under no duty to give additional signs, signals[,] or warnings." Dunn v. Baltimore & Ohio R.R. Co., 127 Ill. 2d 350, 357, 537 N.E.2d 738, 741 (1989).  Only when "special circumstances" are present will the railroad have an added duty to further warn. Dunn, 127 Ill. 2d at 357, 537 N.E.2d at 741.

According to the Supreme Court of Illinois, "special circumstances" are not clearly defined but courts have recognized "a blinding snowstorm" and "malfunctioning warning lights which erroneously indicated that the crossing was clear" as "special circumstances."  Dunn, 127 Ill. 2d at 357, 537 N.E.2d at 741. Citing Bachman v. Illinois Central R.R. Co., 132 Ill. App. 2d 277, 268 N.E.2d 42 (1971), the Supreme Court of Illinois went on to state that "it has been held that darkness, heavy fog[,] and poor visibility do not constitute special circumstances."  Dunn, 127 Ill. 2d at 357, 537 N.E.2d at 741.  Also in Dunn, the court determined that the following circumstances did not constitute

- 3 -

"special circumstances": (1) darkness, (2) the presence of vehicular traffic at the crossing, (3) the absence of lighting at the crossing, (4) the grade of the crossing, and (5) unnecessary distractions in the vicinity of the crossing. Dunn, 127 Ill. 2d at 360-61, 537 N.E.2d at 742. More recently, in Malcome v. Toledo, Peoria & Western Ry. Corp., 349 Ill. App. 3d 1005, 1007, 811 N.E.2d 1199, 1202 (2004), this court held that the presence of a flatcar across the tracks on a dark night did not establish special circumstances.

Plaintiff claims that the circumstances he alleges constitute special circumstances despite the cases cited above. The circumstances plaintiff alleged essentially were darkness, an unlit crossing, and a sky that was heavily overcast with fog and rain.

Plaintiff acknowledges that the Illinois Supreme Court stated that darkness and heavy fog did not constitute special circumstances but argues that the court only came to that conclusion because it incorrectly interpreted the holding in Bachman. Bachman was decided before Alvis v. Ribar, 85 Ill. 2d 1, 421 N.E.2d 886 (1981), held that Illinois would apply comparative negligence instead of the common-law doctrine of contributory negligence. According to plaintiff, in Bachman the court merely held that the trial court was correct in finding that the evidence established plaintiff's contributory negligence. The

*Bachman* court did not reach the issue of whether plaintiff could prove "special circumstances." For this reason, plaintiff urges this court to ignore the supreme court's statement in *Dunn* that darkness, heavy fog, and poor visibility do not constitute special circumstances.

Even if we were to agree with plaintiff that the Illinois Supreme Court misinterpreted the technical holding of *Bachman*, we cannot agree that plaintiff's complaint sets forth special circumstances that would give rise to a duty in defendants to provide further warning. Plaintiff asserts that darkness and an overcast sky constitute special circumstances and a jury should decide whether his assertions should be accepted. The question, though, is whether plaintiff alleged a duty on defendants' part. *Malcome*, 349 Ill. App. 3d at 1007, 811 N.E.2d at 1202 (our supreme court has held that the stopped-train rule is concerned with a railroad's duty). "The existence of a legal duty is a question of law to be determined by the court." *Malcome*, 349 Ill. App. 3d at 1006, 811 N.E.2d at 1201. As stated above, a railroad may only have a duty to provide warnings beyond the presence of the train on the track if the plaintiff proves special circumstances. A combination of darkness, an overcast sky, fog, and rain is a common occurrence during an Illinois winter and does not give rise to special circumstances that would require defendants provide more warning than the presence of the

train itself provides.

Accepting as true all of plaintiff's complaint's factual allegations, plaintiff failed to present a situation that would except itself from the standing-car rule.

### III. CONCLUSION

For the reasons stated, we affirm the trial court's judgment.

Affirmed.

STEIGMANN, J., concurs.

KNECHT, J., dissents.

JUSTICE KNECHT, dissenting:

There may be long-standing reasons for favorable treatment of railroads and the creation of the standing-car rule. I do not know what they are or what continued vitality they have in the twenty-first century. The citizens of Illinois would be hard-pressed to understand the logic or public policy behind a decision that imposes a duty of reasonable care on a merchant regarding a post and a customer door (Ward v. Kmart Corp., 136 Ill. 2d 132, 554 N.E.2d 223 (1990)) but not on a railroad for failure to illuminate a stopped train at a crossing (Dunn v. Baltimore & Ohio R.R. Co., 127 Ill. 2d 350, 537 N.E.2d 738 (1989)).

A customer can be distracted or momentarily forgetful while carrying a large, bulky item and then collide with a post known or obvious to him or her. An automobile driver can be distracted or misled or confused on a dark Midwestern night heavily overcast with fog and rain and drive into the side of a stopped or slowly moving train.

A duty should be imposed here. It is not unduly burdensome. If there is a special-circumstances exception, the presence of special circumstances is a question properly left to the trier of fact just as in Ward.