NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2024 IL App (4th) 230642-U

NO. 4-23-0642

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
August 30, 2024
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| NOLAN WATSON, JERMAINE FLEMING, and RENARDO WILSON, | ) ) | Appeal from the Circuit Court of |
| Plaintiffs-Appellants, | ) | Sangamon County |
| v. | ) | No. 22MR31 |
| THE ILLINOIS DEPARTMENT OF CORRECTIONS and KRISTINA MERSHON, | ) ) | Honorable |
| Defendants | ) | Karen S. Tharp, |
| (Kristina Mershon, Defendant-Appellee). | ) | Judge Presiding. |

JUSTICE DeARMOND delivered the judgment of the court.
Justices Steigmann and Knecht concurred in the judgment.

**ORDER**

¶ 1    *Held*: The appellate court (1) found it lacked jurisdiction to review the circuit court's dismissal of the amended complaint and (2) affirmed the court's denial of plaintiffs' motion to supplement the record, motion to reconsider, and motion for relief from judgment.

¶ 2    In January 2022, plaintiffs, Nolan Watson, Jermaine Fleming, and Renardo Wilson, were in the custody of the Illinois Department of Corrections (Department) at the Dixon Correctional Center (Dixon) when they initiated this action against the Department and Kristina Mershon, a nurse practitioner employed by Wexford Health Sources. Plaintiffs raised multiple federal and state law claims relating to their medical and dental care. Defendants moved to dismiss the operative amended complaint for failure to state a claim as to each count. The circuit

court granted the motions with prejudice, finding plaintiffs failed to plead sufficient facts to allege a cause of action against either defendant.

¶ 3            Four months later, plaintiffs sought reconsideration of the circuit court's order dismissing their amended complaint with prejudice and denying their motion for leave to supplement the pleadings. Before the court could rule on that motion, plaintiffs filed a "Motion for Leave to Re-characterize Motion for Reconsideration as Motion for Relief of Judgment," under section 2-1401 of the Code of Civil Procedure (Civil Code). See 735 ILCS 5/2-1401 (West 2022). The court denied the motion for reconsideration as untimely and denied the motion for relief from judgment because plaintiffs failed to present new evidence.

¶ 4                              I. BACKGROUND

¶ 5            Plaintiffs appeal from their failed efforts to revive a lawsuit the circuit court dismissed with prejudice at the pleadings stage. Count I of plaintiffs' original January 2022 complaint alleged Mershon and the Department violated the eighth amendment's prohibition against cruel and unusual punishment (see U.S. Const., amend. VIII) by "impermissibly delaying or intentionally delaying" plaintiffs' access to medical personnel. Count II alleged plaintiffs were "denied access to an appropriately qualified dentist and hygienist." Count III alleged intentional infliction of emotional distress. Count IV alleged Watson suffered retaliation for "expressing his protected First Amendment rights" (see U.S. Const., amend. I) when he filed a grievance. Count V alleged official misconduct in violation of section 33-3(a) of the Criminal Code of 2012. See 720 ILCS 5/33-3(a)(1)-(3) (West 2020).

¶ 6            In June 2022, Mershon and the Department moved to dismiss the complaint, arguing plaintiffs failed to state claims against them. The Department also raised a sovereign immunity defense. Before the circuit court could address defendants' motions, plaintiffs filed a

motion for leave to amend the complaint. The court granted plaintiffs leave to file their amended complaint and defendants were permitted to file amended motions to dismiss. Plaintiffs have since dismissed the Department from this appeal, so we need not address any claims or defenses relating to the Department.

¶ 7                                    A. Plaintiffs' Claims

¶ 8            Plaintiffs' amended complaint alleged Watson sought medical treatment for "extreme pain emanating from his throat and chest area" in October and November 2021, complaining he was unable to swallow his food. Watson alleged he was approved to see a specialist for his condition in November 2021, but he did not see one for three months. Watson further alleged he saw Mershon 10 days after being approved for an outside consultation with a gastrointestinal (GI) specialist and voiced his complaints, but "Mershon did not refer [Watson] to the prison's doctor, she did not expedite his GI consultation, she did not schedule a follow up visit to determine whether *** Watson's condition had worsened, she refused to issue Plaintiff a permit for 'lay-in trays' to help ease his pain and suffering, and intentionally delay[ed] outside GI treatment." Watson contended receipt of the lay-in trays would permit him to receive his meal trays in his cell, which would allow him more time to eat.

¶ 9            According to Watson's medical records, he was seen by a nonparty medical provider on November 24, 2021. During the appointment, Watson rated his level of "throat discomfort" when swallowing at a level of "3-4 out of 10." He did not show signs of obvious discomfort, and the physician assessed Watson's throat as within normal limits. The physician prescribed ibuprofen for Watson's pain and instructed him to return to sick call if his symptoms worsened. Watson alleged he saw Mershon again on November 29, 2021, after initiating a sick call request due to extreme pain. Watson alleged Mershon inquired about his return so soon and

suggested he write a grievance. Watson's medical records indicate he appeared at sick call that day because "he wanted to find out if he was going to be seen by an outside provider" for his swallowing issue. An examination of his throat did not detect any abnormalities, and Mershon's examination "remained unremarkable." Watson allegedly saw Mershon again on December 20, 2021, due to chest pain when swallowing, and he was advised he would be scheduled to see an outside GI specialist. The records from this visit, also attached to the amended complaint, said Mershon's encounter related to Watson's status as a patient in the diabetic and cardiac clinics. Mershon asserted Watson agreed with her plan of care and he was informed she sent an e-mail to expedite his appointment to an outside provider. The amended complaint alleged Mershon breached her duty of care by sending another inmate outside the prison for medical treatment instead of Watson on January 5, 2022.

¶ 10 Although plaintiffs also raised claims against the Department and "unqualified medical personnel" regarding their purported failure to provide access to qualified dentists and/or oral hygienists to treat dental emergencies, none of those allegations involved Mershon.

¶ 11 B. Mershon's Amended Motion to Dismiss

¶ 12 In September 2022, Mershon filed an amended motion to dismiss, asserting plaintiffs failed to support any of their five claims with factual allegations sufficient to state a cause of action against her.

¶ 13 Plaintiffs responded on October 21, 2022, admitting the dental mistreatment, conspiracy, and official misconduct claims did not involve Mershon. Concerning the eighth amendment claim, Watson raised new allegations outside the periods previously alleged and occurring after the filing of the amended complaint which, Watson believed, were sufficient to support a deliberate indifference claim.

¶ 14    Ultimately, the circuit court granted Mershon's motion to dismiss plaintiffs' amended complaint on November 15, 2022, finding plaintiffs failed to plead sufficient facts to allege a cause of action against her and to state a claim under the Americans with Disabilities Act of 1990 (42 U.S.C § 21 *et seq.* (2018)) and the Rehabilitation Act of 1973 (29 U.S.C. § 701 *et seq.* (2018)). The case was dismissed with prejudice.

¶ 15                    C. Efforts to Revive the Lawsuit

¶ 16    On November 18, 2022, plaintiffs Wilson and Fleming filed a "Motion for Leave to Supplement Pleadings." The "Verification of Service" attached to the motion stated plaintiffs placed the motion in the institutional mail system at Dixon on November 9, 2022. There were no claims on behalf of Watson included in the motion. After a hearing on February 22, 2023, the circuit court denied the motion because it had already dismissed the amended complaint by the time the motion was filed.

¶ 17    On March 17, 2023, all plaintiffs moved for reconsideration of the circuit court's dismissal order and denial of their motion seeking leave to supplement their pleadings. Plaintiffs argued "[t]he court failed to consider the unnecessary and wanton infliction of pain and suffering the Plaintiffs endured for months on end." Restating the factual allegations of their amended complaint, plaintiffs claimed they "demonstrated an ongoing serious medical need, from [which] they suffered extreme pain warranting immediate treatment, even to this very day." Though the motion referenced Watson's claims, it failed to acknowledge Watson was not a party to the motion to supplement.

¶ 18    Plaintiffs also asserted the motion to supplement was not untimely because it met the requirements of "the mailbox rule" applicable to prisoner filings (see Ill. S. Ct. R. 12(b)(6) (eff. July 1, 2017)). By verifying their depositing of the motion in the institutional mail system

on November 9, 2022, plaintiffs argued their motion should have been considered timely filed prior to the dismissal order.

¶ 19                              D. Mershon's Response

¶ 20          In response, Mershon argued the circuit court had no jurisdiction to rule on a motion for reconsideration filed more than 30 days after judgment. As a result, plaintiffs could challenge only the denial of their "Motion for Leave to Supplement Pleadings."

¶ 21          Mershon argued plaintiffs' motion to reconsider was untimely because the amended complaint had been dismissed by the time the circuit court received their motion to supplement, such that there was nothing left to supplement. Even if leave to supplement was granted, Mershon argued, nothing contained in the proposed supplement would have saved the defective complaint. The new allegations related only to Wilson and Fleming and could not have cured the pleading defects of Watson's claims, which were the only remaining claims levied against Mershon. Further, the proposed supplement's new allegations suffered the same deficiencies as Wilson's and Fleming's claims.

¶ 22          Mershon also asserted plaintiffs' supplement did not include newly discovered evidence justifying reconsideration because it predated the circuit court's relevant orders by several months. She noted the proposed supplemental allegations contained personal encounters known to plaintiffs and could have been included in their earlier complaint, even if the official records were not available when the motion to reconsider was filed.

¶ 23          On May 5, 2023, before the circuit court ruled on their motion to reconsider, plaintiffs filed a "Motion for Leave to Re-characterize Motion for Reconsideration as Motion for Relief from Judgment." Attaching even more new medical records, plaintiffs claimed the reports

showed Watson had a medical diagnosis for his esophageal condition and needed the lay-in trays, which was not known to the circuit court before it entered its dismissal order.

¶ 24 On July 14, 2023, the circuit court denied the motion to reconsider as untimely and the motion for relief from judgment, finding "no evidence presented by plaintiffs change[s] the court's rulings."

¶ 25 This appeal followed.

¶ 26 II. ANALYSIS

¶ 27 A. Jurisdiction

¶ 28 As a preliminary matter, we lack jurisdiction to review the circuit court's order dismissing the amended complaint. On appeal, we review only the court's order denying the motion for leave to file supplemental pleadings and the order denying plaintiffs' motion to reconsider.

¶ 29 B. Standards of Review

¶ 30 "The circuit court retains broad discretion in allowing or denying amendments to pleadings prior to the entry of final judgment, and a reviewing court will not reverse the trial court's decision absent a manifest abuse of such discretion." *Richter v. Prairie Farms Dairy, Inc.*, 2016 IL 119518, ¶ 35, 53 N.E.3d 1. We likewise review a denial of a motion to reconsider for an abuse of discretion. *Stringer v. Packaging Corp. of America*, 351 Ill. App. 3d 1135, 1141, 815 N.E.2d 476, 479 (2004).

¶ 31 If the motion for reconsideration is to be construed as a petition for relief from judgment under section 2-1401 of the Civil Code (735 ILCS 5/2-1401 (West 2022)), the applicable standard of review depends upon the procedural course taken. If the petition presents a fact-dependent challenge, we apply an abuse of discretion standard. *Warren County Soil &*

*Water Conservation District v. Walters*, 2015 IL 117783, ¶ 51, 32 N.E.3d 1099. However, a section 2-1401 petition seeking to vacate a void judgment presents a purely legal question, reviewable under a *de novo* standard of review. *Warren County Soil & Water Conservation District*, 2015 IL 117783, ¶ 48.

¶ 32                                C. The Pleadings

¶ 33        The circuit court dismissed plaintiff's amended complaint with prejudice on November 15, 2022. On November 21, 2022, Watson alone filed a notice of appeal with the clerk of the appellate court, contrary to the provisions of Illinois Supreme Court Rule 303(a)(1) (eff. July 1, 2017), which require the notice of appeal to be "filed with the *clerk of the circuit court* within 30 days after the entry of the final judgment appealed from" or within 30 days of the disposition of a timely postjudgment motion. (Emphasis added.). The timely filing of a notice of appeal is a jurisdictional step. *Waukegan Hospitality Group, LLC, v. Stretch's Sports Bar & Grill Corp.*, 2024 IL 129277, ¶ 14. Compliance with this requirement is mandatory and jurisdictional, and "[n]either the circuit court nor the appellate court has the authority to excuse compliance with the filing requirement of Rule 303." *Swinkle v. Illinois Civil Service Comm'n*, 387 Ill. App. 3d 806, 810, 903 N.E.2d 746, 749 (2009). Watson's notice of appeal did not comply.

¶ 34        The same time constraints apply to any postjudgment motion. Timely postjudgment motions must be filed within 30 days of judgment. 735 ILCS 5/2-1203(a) (West 2022). None of the plaintiffs filed a motion to reconsider within 30 days of the dismissal order. The only pleading filed within 30 days of judgment was the November 18, 2022, motion for leave to supplement pleadings, relating only to Wilson and Fleming and their dental care, which contained no claims against Mershon.

¶ 35    The circuit court denied the motion for leave on February 22, 2023, and on March 17, 2023, all three plaintiffs moved for reconsideration of the November 15, 2022, dismissal order. However, that motion was not filed within 30 days of the judgment. See 735 ILCS 5/2-1203(a) (West 2022). A motion to reconsider is a postjudgment motion, which must be filed within 30 days after the challenged judgment was entered. See *Archer Daniels Midland Co. v. Barth*, 103 Ill. 2d 536, 538, 470 N.E.2d 290, 291 (1984). Only *timely* postjudgment motions extend the time to appeal. "An untimely post-judgment motion does not extend the time for filing a notice of appeal." *Archer Daniels Midland Co.*, 103 Ill. 2d at 539. As a result, plaintiffs' motion to reconsider did not extend the time to appeal the dismissal order, as it too was untimely filed. See Ill. S. Ct. R. 303(a)(1) (eff. July 1, 2017).

¶ 36    Plaintiffs' motion to reconsider also asked the circuit court to reconsider the February 22, 2023, order denying Wilson and Fleming's motion for leave to supplement pleadings. Having been filed within the 30 days of the February order, this motion was timely and therefore extended the time for Wilson and Fleming to appeal the February order denying their motion seeking to supplement the pleadings. See *Archer Daniels Midland Co.*, 103 Ill. 2d at 538-39. However, the proposed supplements related to Wilson and Fleming's dental care, in which Mershon was not involved. Before the court ruled on their motion to reconsider, plaintiffs filed their "Motion for Leave to Re-characterize Motion for Reconsideration as Motion for Relief of Judgment." By agreement of the parties, the court construed the motion as both a motion to reconsider and a motion for relief from judgment.

¶ 37    On July 14, 2023, the circuit court denied plaintiffs' motion to reconsider. Watson filed a timely notice of appeal on behalf of all plaintiffs on July 16, 2023, within the 30 days required. We therefore have jurisdiction to review the order denying Wilson and Fleming's

motion seeking leave to supplement their pleadings. See Ill. S. Ct. R. 303 (eff. July 1, 2017). The court also denied the motion for relief from judgment on the merits, finding plaintiffs provided no evidence warranting "changes to the court's rulings as set forth on 11-15-22." See 735 ILCS 5/2-1401(a) (West 2022). However, plaintiffs' timely notice of appeal also sought review of the November 15, 2022, dismissal order entered eight months earlier, for which we have no jurisdiction. As a result, we only review the court's denials of the motion to supplement pleadings and the motion for relief from judgment.

¶ 38                      D. Motion to Supplement Pleadings

¶ 39        Mershon contends plaintiffs have forfeited any argument they may have by failing to challenge the order in their opening brief, citing Illinois Supreme Court Rule 341(h)(7) (eff. Oct. 1, 2020). A liberal review of plaintiffs' opening brief reveals that not only have plaintiffs failed to raise any challenge to the order denying Wilson and Fleming's motion for leave to supplement pleadings, but they fail to mention the order at all. Rule 341(h)(7) provides, in pertinent part, "Points not argued are forfeited and shall not be raised in the reply brief, in oral argument, or on petition for rehearing." Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020). Our supreme court "has repeatedly held an appellant's failure to argue a point in the opening brief results in forfeiture under [Rule 341(h)(7)]." *BAC Home Loans Servicing, LP v. Mitchell*, 2014 IL 116311, ¶ 23, 6 N.E.3d 162; see *Hayashi v. Illinois Department of Financial & Professional Regulation*, 2014 IL 116023, ¶ 43, 25 N.E.3d 570. We find forfeiture under the facts before us.

¶ 40        Here, the only procedural error claimed in plaintiffs' brief relates to the November 2022 dismissal order—over which we have no jurisdiction—and the circuit court's purported "abuse of authority" in dismissing their complaint for misjoinder or nonjoinder of parties under section 2-407 of the Civil Code. See 735 ILCS 5/2-407 (West 2022). A *pro se*

litigant must comply with the same rules and is held to the same standard as licensed attorneys. *Holtzrichter v. Yorath*, 2013 IL App (1st) 110287, ¶ 70, 987 N.E.2d 1. Because plaintiffs' opening brief provided no argument regarding the court's denial of their motion to supplement pleadings or the denial of their motion for reconsideration, we find the issue is forfeited. See Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020).

¶ 41    Even without forfeiture, plaintiffs' arguments would not prevail because the intended supplements referenced only Wilson's and Fleming's dental care claims, which they previously stipulated did not involve Mershon. Further, Watson's additional claims were not part of the original motion to supplement and were instead raised for the first time in the motion for reconsideration. The purpose of a motion to reconsider is to bring to the court's attention newly discovered evidence, changes in the law, or errors in the court's previous application of existing law. *Malcome v. Toledo, Peoria & Western Ry. Corp.*, 349 Ill. App. 3d 1005, 1008, 811 N.E.2d 1199, 1203 (2004). Plaintiffs' motion does none of these. Plaintiffs do not claim the allegations raised on behalf of Wilson and Fleming are newly discovered—to the contrary, they reference them from their amended complaint and contend they are "uncontroverted facts" never addressed by the court. They also do not claim a change in the law or identify specific errors in the court's previous application of existing law. Instead, they reargue claims previously made or, in Watson's case, improperly raise new claims in the motion for reconsideration, with no assertion they were newly discovered.

¶ 42    As if this were not enough, plaintiffs failed to attach a proposed amended complaint, identifying where any new or additional claims would lie. Where appellants fail to attach a proposed amended complaint or a transcript of the proceedings involved, "we cannot review the trial court's findings to determine whether error occurred. Without a record of the

proceeding, we must presume that the trial court had a sufficient factual basis for its determination and that it conforms with the law." *Perez v. Chicago Park District*, 2016 IL App (1st) 153101, ¶ 33, 63 N.E.3d 261.

¶ 43                                    E. Motion for Relief From Judgment

¶ 44        Plaintiffs' opening brief also failed to address the circuit court's order of July 14, 2023, denying their motion for relief from judgment. They do not argue the merits of their "re-characterized" section 2-1401 petition, identify the elements of the motion, or argue how the court improperly decided their section 2-1401 petition. As a result, plaintiffs have forfeited any challenge to the court's denial of their motion for relief from judgment. See Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020); *BAC Home Loans Servicing*, 2014 IL 116311, ¶ 23 (stating an appellant's failure to argue a point in the opening brief results in forfeiture under Rule 341(h)(7)). As we noted above, plaintiffs' *pro se* status does not relieve them of the obligation to comply with supreme court rules governing appellate briefs. See *Ellis v. Flannery*, 2021 IL App (1st) 201096, ¶ 8, 189 N.E.3d 978. Even if we were to consider the re-characterized motion, the circuit court made factual findings from the hearing on July 14, 2023, concluding "no evidence presented by plaintiffs change[d] the court's rulings." Because plaintiffs' brief provides no argument, reference to the record, or authority on this issue, "we must presume that the trial court had a sufficient factual basis for its determination and that it conforms with the law." *Perez*, 2016 IL App (1st) 153101, ¶ 33.

¶ 45        The record clearly indicates plaintiffs sought to use section 2-1401 as a mechanism to salvage an untimely motion to reconsider dismissal of the amended complaint. See 735 ILCS 5/2-1401 (West 2022). A plaintiff seeking relief under section 2-1401 must plead facts sufficient to prevent entry of the judgment had they been known to the circuit court at the time of

judgment, due diligence in presenting the claim to the court in the original action, and due diligence in filing the section 2-1401 motion. *Warren County Soil & Water Conservation District*, 2015 IL 117783, ¶ 51. Neither plaintiffs' motion nor their brief on appeal addresses any of these elements. Indeed, the motion itself was never filed pursuant to section 2-1401. See 735 ILCS 5/2-1401 (West 2022). Learning from each response filed by defendants, plaintiffs employed a "whack-a-mole" strategy by reshaping their pleadings and claims at every opportunity. The court saw through this strategy and mercifully brought this deficient litigation to an end. We will not breathe new life into it.

¶ 46                                    III. CONCLUSION

¶ 47        For the foregoing reasons, we affirm the circuit court's judgment.

¶ 48        Affirmed.